

November 8, 2023

**Via ECF**

| | |
|---|---|
| The Honorable Mary Kay Vyskocil<br>United States District Court Judge<br>Southern District of New York<br>500 Pearl Street, Room 2230<br>New York, NY 10007-1312 | The Honorable Jennifer H. Rearden<br>United States District Court Judge<br>Southern District of New York<br>500 Pearl Street, Room 1010<br>New York, NY 10007-1312 |

**Re:**

- *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-JHR (S.D.N.Y. 2023)
- *Fanatics Collectibles TopCo, Inc. v. Panini S.p.A.*, No. 1:23-cv-06895-MKV (S.D.N.Y 2023)

Your Honors,

We write on behalf of Panini America, Inc. ("Panini America") and its parent company, Panini S.p.A. (collectively, "Panini")—the plaintiff and defendant in the above captioned actions, respectively. On August 3, 2023, Panini America filed suit against Fanatics Collectibles Intermediate Holdco, Inc., Fanatics Holdings, Inc., Fanatics SPV, LLC., Fanatics, Inc., and Fanatics, LLC (collectively "Fanatics") in the Middle District of Florida for violating federal antitrust and state laws and related wrongful conduct (the "Antitrust Action"). The Antitrust Action was subsequently transferred to this District and assigned to Judge Rearden on November 3, 2023. *See* Order Granting Transfer of Venue, *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 8:23-cv-01721-JHR, ECF No. 75 (M.D. Fla. Nov. 3, 2023). On August 7, four days after Panini America filed the Antitrust Action, Fanatics filed its own case against Panini S.p.A. in this District (the "Second Action"). The Second Action is a transparent rejoinder to the Antitrust Action: not only are some of Fanatics's claims premised on the Antitrust Action, the complaint comments extensively on the merits of that matter, including lengthy attacks on Panini America's performance, a discussion of Panini America's market shares, and an "appendix" containing alleged social media reactions to the Antitrust Action.

As a result, Panini S.p.A. submitted a pre-motion letter to Judge Vyskocil yesterday detailing why counts 1 and 3 of Fanatics's complaint should be dismissed and refiled in the Antitrust Action as compulsory counterclaims under Federal Rule of Civil Procedure Rule 13(a)[1]. *See* Letter from D. Boies to Judge Vyskocil, *Fanatics Collectibles Topco, Inc. v. Panini, S.p.A.*, No. 1:23-cv-06895-MKV (S.D.N.Y. Nov. 7, 2023), ECF No. 24 (hereinafter, the "Panini Letter"). Hours later, Fanatics submitted a letter to Judge Rearden in the Antitrust Action purporting to provide notice of the related Second Action and seeking consolidation of the two cases before

---

[1] For the reasons set forth in the Panini Letter, count 2 of the Fanatics Complaint should be dismissed and refiled in Texas state court under the principles of abstention.

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



Judge Vyskocil pursuant to Rule 13(a) of the Southern District's Rules for the Division of Business Among District Judges. *See* Fanatics Letter Motion, *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-JHR (S.D.N.Y. Nov. 7, 2023), ECF No. 77 (hereinafter, the "Fanatics Letter").

Panini agrees these two related cases should be consolidated. However, Panini respectfully submits that Federal Rule of Civil Procedure 13(a)(1) governs and requires that the Second Action, which is currently pending before Judge Vyskocil, be consolidated with, or refiled in the first-filed Antitrust Action before Judge Rearden where Panini is the plaintiff. It is well settled that when a party files a federal lawsuit raising claims which are "logically connected" to claims in a federal suit that is already pending, the claims in the later action must either be stayed or refiled in the first-filed suit. *See, e.g.*, *Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991) (concluding that where the second-filed action involved "a compulsory counterclaim that the [first-filed] action should resolve," the district court "erred by failing to transfer or dismiss" the second-filed action). In other words, the general rule is that the first-filed suit "takes priority." *Pharmaceutical Res., Inc. v. Alpharma USPD Inc.,* 2002 WL 987299, at *2 (S.D.N.Y. May 13, 2002) (citing *First City Nat'l Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989)). Here, Fanatics does not appear to dispute Panini S.p.A.'s contention that two of Fanatics's claims are compulsory counterclaims in the Antitrust Action, nor could it, given the numerous references to the Antitrust Action in its complaint. Indeed, in its Letter Motion requesting consolidation, Fanatics argues that there is "substantial factual overlap" between the two cases and cites Panini's contention that the two cases are so "logically connected" as to constitute counterclaims as further evidence that the cases should be consolidated. ECF No. 77.

Under these circumstances, the Southern District's Rules for the Division of Business Among District Judges should not be applied in a manner that is inconsistent with the Federal Rules of Civil Procedure and contrary to established caselaw requiring that compulsory counterclaims should be raised in the first-filed action. Courts in this District have recognized that the "lowest docket number rule" in the Southern District's Rules for the Division of Business Among District Judges is inapplicable when addressing the assignment of similarly situated cases. For example, in *Internet Law Library, Inc. v. Southridge Cap. Mgmt.*, LLC, 208 F.R.D. 59 (S.D.N.Y. 2002), the court considered the consolidation of two cases, in which the first-filed case had a higher docket number because, like here, it was transferred to the District after the filing of the second action. The court determined that Federal Rule of Civil Procedure 13(a) – and not the Business Rules – governed consolidation and alignment of parties:

> Were the situation one involving the consolidation of actions sharing common questions of law and fact and containing the same plaintiffs or defendants, then Cootes Drive would be correct in asserting that [the] Business Rule[s]…governed the alignment of the parties based on which action had the lowest docket number. However, the court is here consolidating two actions, each containing the same parties, but in one action Internet Law is the "plaintiff" and Cootes Drive is the "defendant," while in the other action the reverse is true.

> Given these circumstances, contrary to the arguments of Cootes Drive, the designation of Internet Law as "plaintiff" logically follows from the consolidation of the two actions. Rule 13(a), F.R. Civ. P. requires, upon pain of bar, that a



pleading state as a counterclaim any claim arising out of "the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

*Id*. at 63.

For these reasons, Panini America and Panini S.p.A. respectfully request an order dismissing the Second Action under Federal Rule of Civil Procedure 13(a)(1) with leave to refile Counts 1 and 3 as compulsory counterclaims in the Antitrust Action, or alternatively, an order consolidating the Second Action with the Antitrust Action before Judge Rearden under Federal Rule of Civil Procedure 42(a), with Panini America, Inc. designated as the plaintiff.

Respectfully Submitted,

/s/ David Boies
David Boies
Eric Brenner
**Boies Schiller Flexner LLP**
55 Hudson Yards
New York, NY 10001
(212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

*Counsel for Panini S.p.A. and Panini America, Inc*.