# Exhibit 2

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK
   ----------------------------:

   PANINI AMERICA, INC.         : Case No.: 23-CV-9714

                                :           23-CV-6895

              Plaintiff,        :

        v.                      :

   FANATICS, INC., et al.,      : New York, New York

                                : November 7, 2024

              Defendants.       :

   ----------------------------:



            TRANSCRIPT AND STATUS CONFERENCE HEARING

              BEFORE THE HONORABLE VALERIE FIGUEREDO

                 UNITED STATES MAGISTRATE JUDGE



   APPEARANCES:

   For PANINI          BOIES, SCHILLER & FLEXNER LLP
                       BY:  David Boies, Esq.
                       333 Main Street
                       Armonk, New York 10504


   For Fanatics        LATHAM & WATKINS LLP
                       BY:  Lawrence E. Buterman, Esq.
                       1271 Avenue of the Americas
                       New York, New York 10020




   Proceedings recorded by electronic sound recording;
   Transcript produced by transcription service

         AMM TRANSCRIPTION SERVICE - 631.334.1445
```

```
 1    is, what the provisions are, whether there are outs,
 2    who the people are that are involved, are all the
 3    kinds of things that are going to be directly
 4    important in terms of planning discovery.  And
 5    indeed, those license agreements help us define what
 6    other documents, limited documents, are appropriate
 7    to get at this point.
 8              So I think I would say I agree we ought to
 9    meet and confer about other categories of documents.
10    I would urge the Court not to delay the production
11    of any documents until the protective order is done
12    because we will agree to take them on
13    outside-counsel-eyes only until the protective order
14    is done.
15              And with respect to the license agreements,
16    I think we have both probably repeated ourselves.
17              MR. BUTERMAN:  Except with one point,
18    Your Honor.  Obviously, you know, the outside
19    counsel only doesn't impact anything with respect to
20    these license agreements for the reasons that I
21    mentioned.
22              And to clarify, Mr. Boies in an effort to
23    compromise here, they -- we don't need to wait.
24    We'll accept that we can work with them on the
25    organizational charts and turn those over while we
```

1    are negotiating the final terms of the protective
2    order if it's done on an outside-counsel-only basis.
3              The issue with the organizational charts,
4    Your Honor -- and it goes back to this concern that
5    we have, given the fact that these are our -- you
6    know, Panini is a competitor of ours, and there are
7    allegations in this case, as Your Honor is aware, of
8    employee solicitation and the like, is we think that
9    it would be inappropriate to have to turn over
10   organizational information and information about
11   employees that have nothing to do with the case.
12             And so what we proposed to Mr. Boies, and I
13   never -- his colleagues and I've never heard an
14   explanation why it isn't sufficient -- is that we
15   would provide them with up-to-date organizational
16   information for the entities that are part of this
17   case.  What we don't want to do is give them
18   organizational information about the entire company,
19   including the entities that are not -- that have no
20   relevance whatsoever to this matter.  That just
21   doesn't make any sense.
22             And honestly, the fact that Panini is
23   clamoring for us to give them organizational
24   information about entities that have no relevance to
25   this case is deeply troubling to us, and it makes us

```
 1   question why.  Why would they want that?  If
 2   Mr. Boies -- you know, taking Mr. Boies at face
 3   value, where he says that this is about planning for
 4   discovery, well, what benefit for discovery does it
 5   provide him to get organizational information about
 6   entities that have no relevance to this matter?  It
 7   just doesn't make any sense.
 8           And so that's why I said I don't think this
 9   is a major dispute.  I think we should be able to
10   give him the organizational information, and we can
11   do it in short order, about the entities that are
12   relevant to this case, and move forward there.  But,
13   again, the license agreements, that's on a
14   completely different level.  They know -- you know,
15   Mr. Boies -- the arguments that he needs to see them
16   in order to determine what discovery he's going to
17   be seeking, I respectfully -- that's just not true.
18   I don't see how that's possible.
19           And even if that's not -- even if that has
20   some sort of merit, Your Honor, there are other
21   issues.  And Mr. Boies has already committed, we've
22   committed to meeting and conferring about other
23   types of discovery that we can, you know, talk about
24   and provide in the interim that doesn't implicate
25   the most sensitive documents that the company has.
```

```
 1                I mean, for example, they talk about
 2    separate businesses.  One of the allegations, you
 3    know, in the complaint is that they have used their
 4    power and agreements with respect to, for example,
 5    jerseys, which is part of their clothing line, to
 6    influence the card business.  These lines of
 7    business are not nearly as separate as counsel may
 8    have suggested.
 9                So if they want to redact and then we come
10    back to the Court, you know, about that, but at a
11    minimum, I think we ought to get the organizational
12    charts.  And if they redact, they should not be
13    redacting the names of people who are otherwise
14    agreed to be relevant just because they are in a
15    line of business that they say is unconnected.
16                THE COURT:  Okay.  I --
17                MR. BOIES:  And then this is all attorneys'
18    eyes only, for heaven's sake.  I mean, this -- it's
19    hard for me to remember a case in which we have
20    fought this much about organization charts.
21                MR. BUTERMAN:  I don't have a problem,
22    Your Honor, with Mr. Boies' suggestion that -- and
23    certainly we wouldn't redact somebody because
24    they're also involved in a business line that's
25    irrelevant.  That's not what we would intend to do.
```

```
 1   And I think Mr. Boies is correct in that -- I don't
 2   know that I've argued about -- had this much
 3   argument about organizational charts either.  I've
 4   also never been involved in a case where I had a
 5   competitor seeking the most confidential document
 6   from my client before a motion to dismiss was
 7   decided.
 8              But I think -- I personally believe that
 9   we -- with the Court's questions and with this
10   guidance, that will be okay.  And if there are any
11   disputes that we need -- that result, they will be
12   minor, and we can bring them back to Your Honor.
13              But to Mr. Boies' point about wanting to
14   get information that will help him in discovery and
15   moving forward quickly, I suspect that the
16   overwhelming majority of this stuff isn't going to
17   be debated, you know, by the parties.  When we turn
18   over, you know, the org charts for the relevant
19   entities, I don't think that there are going to be
20   issues there.
21              So I don't -- I just think we have enough
22   to go back and work with each other.  And despite
23   the length of this argument, Your Honor, I want to
24   say that the parties actually have worked
25   together --
```

```
 1
 2                  C E R T I F I C A T E
 3
 4        I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   Fanatics Collectibles Topco, Inc. v. Panini S.P.A.
 7   and Panini America, Inc. v. Fanatics, Inc, et al;
 8   Docket #23CV6895 and 23CV9714 was prepared using
 9   digital transcription software and is a true and
10   accurate record of the proceedings.
11
12
13   Signature    _Adrienne M. Mignano_____
14                ADRIENNE M. MIGNANO, RPR
15
16   Date:     November 8, 2024
17
18
19
20
21
22
23
24
25

            AMM TRANSCRIPTION SERVICE - 631.334.1445
```