# Exhibit 4

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK


PANINI AMERICA, INC.,              : Docket #23-cv-09714
                                                23-cv-06895
                 Plaintiff,        :

     -against-                     :

FANATICS, INC., et al,             : New York, New York
                                     December 12, 2024
                 Defendants.

---------------------------------:

                       PROCEEDINGS BEFORE
                 THE HONORABLE VALERIE FIGUEREDO
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:      BOIES, SCHILLER & FLEXNER, LLP
                    BY:  DAVID BOIES, II, ESQ.
                         STUART SINGER, ESQ.
                    333 Main Street
                    Armonk, New York 10504

For Defendant:      LATHAM & WATKINS, LLP
                    BY:  LAWRENCE E. BUTERMAN, ESQ.
                    1271 Avenue of the Americas
                    New York, New York 10020

                    QUINN EMANUEL URQUHART
                    & SULLIVAN, LLP
                    BY:  KATHRYN D. BONACORSI, ESQ.
                    295 Fifth Avenue
                    New York, New York 10016


Transcription Service: Marissa Lewandowski
                       Phone:  (631) 813-9335
                       E-mail:marissamignano@gmail.com




Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

1    74, which were the two letters the parties submitted
2    before Thanksgiving, I believe.
3            We discussed, as I indicated, and this
4    issue was argued at the last conference on November
5    7th -- I'm going to give you a ruling on this, and
6    then we can move on to the issues raised in the
7    December 9th letter, which came in at ECF 79.
8            So for the following reasons, I'm going to
9    require that Fanatics produce the license agreements
10   now under an attorney's-eyes-only designation until
11   there's a decision on the pending motion to dismiss,
12   at which point, if it's necessary, we can have a
13   further discussion about the attorney's-eyes-only
14   designation.
15           So, first, as I explained at our first
16   conference on September 23, 2024, when we were
17   addressing whether discovery should be stayed
18   pending a decision on a motion to dismiss, there's
19   ample case law in this district that explains that
20   the filing of a motion to dismiss itself does not
21   stay discovery and is not by itself good cause to
22   stay discovery.  And I understand Fanatics' point
23   that this is a motion to dismiss an antitrust claim
24   and that discovery in an antitrust case, in
25   particular, is costly.  And for that reason, Courts

```
 1   may grant a stay of discovery pending resolution of
 2   a motion to dismiss.
 3           In that argument, counsel against
 4   full-blown discovery, but we're not currently
 5   engaged in full-blown discovery.  As I explained in
 6   September, we would proceed on a monthly basis in
 7   order to ensure that whatever discovery goes on now
 8   before a decision on the motion to dismiss is not
 9   unduly burdensome to Fanatics or wasteful, and we
10   would proceed this way until the parties had a
11   resolution of the motion and understood what claims
12   survived that motion.
13           I want to turn to the relevance of the
14   license agreements and the burden of producing them
15   now, which is an argument both parties addressed in
16   their letters.  The license agreements are plainly
17   relevant to Panini's claims and Counts 1, 2, and 3
18   of the complaint.  Fanatics itself seem to recognize
19   this when it sought to transfer Panini's complaint
20   to this district.  In its motion to change venues,
21   Fanatics acknowledged that the license agreements
22   were the crux of Panini's case and relied on the
23   form selection and arbitration clauses in those
24   agreements to argue that New York was the proper
25   venue for the case.  And I'm referencing
```

```
 1    specifically ECF Number 24 at page 4.
 2            Turning to the burden, the discovery sought
 3    by Panini at this juncture -- juncture does not
 4    weigh in favor of a stay of discovery.  The
 5    discovery stay is limited to six identifiable
 6    agreements that can be readily collected by
 7    Fanatics, and Fanatics has not made a burden
 8    argument based on the cost of collection or
 9    production of this information.  Its burden argument
10    is that these agreements are commercially sensitive.
11    But that concern can be addressed by requiring that
12    the agreements be produced with an
13    attorney's-eyes-only designation.
14            It's the case that -- it's quite commonly
15    the case that, in an antitrust case, a party may be
16    required to produce commercially sensitive
17    information to a competitor, but that doesn't cancel
18    against delaying the production of the documents
19    that are at the heart of Panini's antitrust claims.
20    And to the extent Fanatics is concerned that counsel
21    for Panini may share the information and the license
22    agreements with the business folks at Panini,
23    there's no basis on the record before me to believe
24    that counsel would violate a court order restricting
25    the sharing of this information.
```

```
 1                So just to sum it up, you know, this case
 2     was filed in August of 2023.  We've -- we've been in
 3     litigation for more than a year now.  There's been
 4     no real progress.  Delay itself prejudices the
 5     plaintiff.  I understand there's a pending motion to
 6     dismiss before Judge Swain.  I reviewed the motion
 7     on that, and I reviewed the motion specifically -- I
 8     reviewed the brief specifically because the parties
 9     had argued, both sides, concerning the merits of
10     that motion.  And I think there's a view that
11     suggests that not all of the antitrust claims would
12     be dismissed.
13                So because -- excuse me -- because I think
14     there are substantial arguments in favor of the
15     antitrust claims moving forward and because this is
16     a limited request of discovery at this juncture, I
17     don't think the burden arguments Fanatics has put
18     forth weigh against -- or weigh in favor of
19     prohibiting the disclosure of these agreements at
20     this point.  So for that reason, I'm going to
21     require that they be disclosed.
22                Does anyone have any questions on that?
23                MR. BOIES:  Not from Panini, Your Honor.
24                MR. BUTERMAN:  Your Honor, this is Lawrence
25     Buterman on behalf of Fanatics.
```

```
 1    to make an assertion at a conference without any
 2    prior discussion of what you're asking for.  That's
 3    all.
 4              MR. BUTERMAN:  Yeah.  And --
 5              MR. BOIES:  It's very simple:  Make a
 6    request and we'll respond to it promptly.
 7              THE COURT:  So why don't we do this,
 8    because this issue -- and what I was going to say
 9    before was I had never -- I hadn't addressed the
10    request from Fanatics to get any agreement or
11    license agreements from Panini because it hadn't
12    come up before in the parties' discussions.  But
13    we -- it sounds like Fanatics is going to have to
14    get some type of permission or okay from these
15    entities that are the counterparties to these
16    agreements, and that might take some time.
17              We do have a -- I'm pretty sure we have a
18    standing conference for January.  And so I wonder if
19    it would make sense to serve -- if Fanatics can
20    serve its request for documents as quickly as
21    possible, you-all can have a meet and confer, and if
22    there's a live issue, it seems like it might take
23    some time with the holidays to get clearance for
24    production of the agreements, and we can -- you can
25    discuss the issue at the January conference.
```

```
 1    then we can just proceed moving forward without
 2    having to wait for that decision.
 3            MR. BOIES:  Your Honor, Stuart Singer can
 4    address this issue.  I think what the Court said
 5    makes a lot of sense.  I would note that we still
 6    have not gotten a single document.
 7            MR. BUTERMAN:  That's actually not true,
 8    Mr. Boies.
 9            MR. BOIES:  Oh, really?  When did we get
10    them?
11            MR. BUTERMAN:  Yeah.  When you got -- you
12    got the organizational charts yesterday, 17 of them.
13            MR. BOIES:  We got them yesterday.  Okay.
14    I've been -- I've been traveling.
15            MR. BUTERMAN:  No, no, no.  I understand.
16    That's why I wanted to correct the record.
17            MR. BOIES:  Okay.  I'm glad we -- I'm glad
18    we got them yesterday.
19            MR. SINGER:  Your Honor, this is Stuart
20    Singer on behalf of Panini.
21            We have followed up on the discussion from
22    the last conference to see if there are other
23    buckets of documents that could be produced by
24    Fanatics without any undue burden or expense.  And
25    we came up with a number of types of contracts which
```

```
 1              C E R T I F I C A T E
 2
 3       I, Marissa Lewandowski, certify that the foregoing
 4   transcript of proceedings in the case of
 5   Panini America, Inc. v. Fanatics, Inc et al,
 6   Docket #1:23-cv-09714-LTS-VF, was
 7   prepared using digital transcription software and is
 8   a true and accurate record of the proceedings.
 9
10
11   Signature   __Marissa Lewandowski__
12               Marissa Lewandowski
13
14   Date:    December 17, 2024
```