# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PANINI AMERICA, INC.

    *Plaintiff,*

    v.                                         Case No. 1:23-cv-09714-JHR
                                                  [rel: Case No. 1:23-cv-06895-JHR]
FANATICS, INC.,
FANATICS, LLC,
FANATICS COLLECTIBLES
INTERMEDIATE HOLDCO, INC.,
FANATICS SPV, LLC, and
FANATICS HOLDINGS, INC.

    *Defendants.*
_____/

## PANINI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff Panini America, Inc. hereby requests that Defendants produce for inspection and copying all documents responsive to the following individual requests (collectively, "the Requests").

## DEFINITIONS

The following definitions apply to each of the Requests, and are deemed to be incorporated in each of said Requests:

    1.    The term Agreement or Agreements refers includes all term sheets, modifications, extensions, and amendments thereto.

    2.    The terms "Fanatics," "You," "Your," or "Yours" means Fanatics Holdings, Inc.; Fanatics Inc.; Fanatics Collectibles Intermediate HoldCo, Inc.; Fanatics, LLC; Fanatics SPV, LLC; and their affiliates, subsidiaries, and related parties, and includes each of their respective affiliates,

1

subsidiaries, agents and/or employees, attorneys, and persons acting on their behalf.

3. The term "GCP" means GC Packaging, LLC and its affiliates, subsidiaries, and related parties.

4. The term "MLB" means Major League Baseball and its affiliates, subsidiaries, and related parties.

5. The term "MLBPA" means the Major League Baseball Players Association and its affiliates, subsidiaries, and related parties.

6. The term "NBA" means the National Basketball Association and its affiliates, subsidiaries, and related parties.

7. The term "NBPA" means the National Basketball Players Association and its affiliates, subsidiaries, and related parties.

8. The term "NFL" means the National Football League and its affiliates, subsidiaries, and related parties.

9. The term "NFLPA" means the National Football League Players Association and its affiliates, subsidiaries, and related parties.

10. The term "Players Associations" means the NBPA, NFLPA, and MLBPA, along with their affiliates, subsidiaries, and related parties.

11. The term "OneTeam" means OneTeam Partners, LLC, along with its affiliates, subsidiaries, and related parties.

12. The term "Panini" means Panini America, Inc., and its parent, Panini S.p.A., along with its affiliates, subsidiaries, and related parties.

## **INSTRUCTIONS**

The following instructions apply to each of the Requests and are deemed to be incorporated in each of them:

1. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original. In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, You shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

2. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a document is a responsive document in its own right and must be produced.

3. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning.

4. The term "including" shall be construed as "including without limitation."

5. The use of the singular form of any word includes the plural, and vice-versa.

6. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

7. You should construe negative terms to include the positive, and vice-versa. For example, You should construe the word "preference" to mean preference or lack of preference.

8. Any reference to a person that is a business entity and is not otherwise defined

includes that person's predecessors (including any preexisting person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

9. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

10. All headings used in the Requests are for organizational purposes only, and are not intended, and shall not be construed, to modify any request in any manner, and shall not be used in any way to restrict or limit the scope of any request set forth beneath any particular heading.

11. Any document request that demands the production of "documents sufficient to show" requires You to produce only those documents necessary to provide all the information necessary to show, identify or describe the subject matter requested.

12. Each document shall be produced either (a) as it was kept in the usual course of business (in which case it shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific request enumerated in these Requests, with such specific request identified.

13. All documents shall be produced in the file folder, envelope, or other container in

which the documents are kept or maintained. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

14. Documents attached to each other should not be separated.

15. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

16. The fact that a document is in the possession of Panini, or is produced by another person, does not relieve You of the obligation to produce all of Your copies of the same document, even if Your copies are identical in all respects to a document produced or held by another Person.

17. If You file a timely objection to any portion of a Request, definition or instruction, provide a response to the remaining portion.

18. If You are unable to produce a document that is responsive to a Request, so state and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in Your possession, custody or control, state the whereabouts of such document when last in Your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian. To the extent any responsive document was lost or destroyed, produce any document that supports Your assertion that the document was lost or destroyed, and provide the date when each such document was lost or destroyed.

19. If You withhold production of any document or portion of any document responsive to the Requests based upon any privilege, provide the following information for each document and each portion of any document withheld:

    a. the type of document;

    b. the general subject matter of the document and each portion withheld;

    c. the date of the document;

      d. the author(s) of the document and their title(s);

      e. the recipient(s) of the document and their title(s); and

      f. the basis for withholding such document and each withheld portion of a document.

20. Production will be conducted pursuant to an agreement of the parties or order of the Court governing the format of the production and the media on which production will be made, or in the absence of such agreement or order will be provided in a form to be specified by Panini.

21. The time period for the Requests shall be from January 1, 2019, to the present, unless otherwise specified.

22. These Requests are continuing and require supplemental responses as new or revised information comes into the possession of Fanatics.

23. Panini reserves its right to supplement and/or amend these requests.

## DOCUMENT REQUESTS

Produce all documents concerning, reflecting, relating, or referring to:

**Request for Production No. 1:**

All Agreements with the NBA, NFL, MLB, or their Players Associations related to trading cards, including but not limited to Your NFL license Agreement beginning on or around 4/1/2026, NFLPA license Agreement beginning on or around 3/1/2026, NBA license Agreement beginning on or around 10/1/2025, NBPA license Agreement beginning on or around 10/1/2025, MLB license Agreement beginning in or around 2025, MLBPA license Agreement beginning in or around 2025, and Agreement with the NBPA regarding a "Player's Only" non-exclusive license for "Off Court" products.

**Request for Production No. 2:**

Your Agreements with OneTeam related to trading cards.

**Request for Production No. 3:**

Your Agreements related to GCP.

**Request for Production No. 4:**

Your Agreements with hobby stores, distributors, big-box retailers, and case breakers related to the selling of NFL, NBA, and MLB player trading cards.

Dated: January 8, 2025

Stuart H. Singer*
Sabria A. McElroy*
Jason Hilborn*
**Boies Schiller Flexner LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
ssinger@bsfllp.com
smcelroy@bsfllp.com
jhilborn@bsfllp.com

Ursula Ungaro*
**Boies Schiller Flexner LLP**
100 SE 2nd Street, Suite 2800
(305) 539-8400
Miami, FL 33131
uungaro@bsfllp.com

*Admitted pro hac vice

Respectfully submitted,

*/s/ Eric Brenner*
David Boies
Eric Brenner
**Boies Schiller Flexner LLP**
55 Hudson Yards
New York, NY 10001
(212) 446-2300
dboies@bsfllp.com
ebrenner@bsfllp.com

James P. Denvir*
Richard A. Feinstein*
**Boies Schiller Flexner LLP**
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jdenvir@bsfllp.com
rfeinstein@bsfllp.com

*Counsel for Panini America, Inc.*

7