# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANINI AMERICA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> FANATICS, INC., FANATICS, LLC, FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC., FANATICS SPV, LLC, and FANATICS HOLDINGS, INC., <br><br> *Defendants.* | **Case No. 1:23-cv-09714-LTS-VF** <br> **[rel: Case No. 1:23-cv-06895-LTS-VF]** |

### FANATICS' RESPONSES AND OBJECTIONS TO PLAINTIFF PANINI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Fanatics, Inc.; Fanatics, LLC; Fanatics Collectibles Intermediate Holdco, Inc.; Fanatics SPV, LLC; and Fanatics Holdings, Inc., (collectively "Fanatics"), by their undersigned counsel, respond and object to Plaintiff Panini America, Inc.'s ("Panini") First Set of Requests for Production of Documents, dated January 8, 2025 (the "Requests"), as set forth below.

### GENERAL OBJECTIONS TO EACH REQUEST FOR PRODUCTION

1.   Fanatics objects to the Requests to the extent that they purport to impose upon Fanatics obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable rule or law. Without waiver or limitation of any of the objections set forth below, Fanatics will construe the Requests consistently with the applicable rules.

2.      Fanatics objects to the Requests to the extent they are premature in light of Fanatics' pending Motion to Dismiss (Dkt. No. 99) ("Motion to Dismiss") and Objection to Magistrate Judge Figueredo's December 12, 2024 Nondispositive Order (Dkt. No. 146) ("Objection to Nondispositive Order").  As set forth in Fanatics' pending Objection to Nondispositive Order, Magistrate Judge Figueredo erred by ordering Fanatics to disclose confidential and commercially sensitive licensing agreements with third parties to its direct competitor Panini while Fanatics' Motion to Dismiss remains pending and before the Court has determined that (1) any portion of Panini's case is moving forward and (2) the license agreements are relevant to the surviving portion(s).  Fanatics incorporates by reference all reasons set forth in its Objection to Nondispositive Order as bases for this objection.

3.      Fanatics objects to the Requests to the extent they call for the disclosure or production of information subject to confidentiality agreements with third parties and to the extent they seek confidential, proprietary, or trade secret information of Fanatics or third parties.  Fanatics further objects to the Requests to the extent they purport to seek the production of information, documents, or communications that reflect information that is subject to other protective orders, privacy laws and regulations, non-disclosure agreements, or other confidentiality undertakings.

4.      Fanatics objects to the Requests as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case, including to the extent they exceed the limited scope of discovery that the Court has authorized at this juncture.

5.      Fanatics objects to the Requests to the extent they seek information or documents protected by any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption.  Inadvertent production of any information or documents which are privileged or otherwise

2

immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Fanatics to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings.  In the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, Panini will return the information and documents to Fanatics and will be precluded from disclosing or relying upon such information or documents in any way.

6. Fanatics' production of any requested document, notwithstanding the objectionable nature of any of the Requests themselves, is not: (i) a concession that the document is relevant to this proceeding; (ii) a waiver of Fanatics' General or Specific Objections to Requests set forth herein; or (iii) an agreement that requests for similar documents or information will be treated in a similar manner.

7. Fanatics' responses to the Requests are without waiver or limitation of its right to object to the use of any documents that Fanatics produces on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action.  Each response is without prejudice to, or waiver of, any objection Fanatics may make to any future use of such documents.  Fanatics likewise reserves the right to object to other discovery requests involving or relating to the subject matter of any document produced in response to these Requests.

8. Fanatics reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the

matter is pending further investigation and discovery. The information contained in Fanatics' responses and objections is also subject to correction for omissions or errors.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Fanatics objects to the Definitions to the extent they exceed the scope set forth in the Southern District of New York's Uniform Definitions in Discovery Requests, Local Civil Rule 26.3. Fanatics adopts in the responses herein the definitions specified in Local Civil Rule 26.3.

2. Fanatics objects to the Definitions and Instructions of the Requests to the extent they seek to impose any obligations or requirements that contradict the stipulated ESI Protocol or Protective Order in this matter. In the event of a conflict, Fanatics will comply with the provisions of the ESI Protocol or Protective Order.

3. Fanatics objects to the definition of "Fanatics," "You," "Your," or "Yours" to the extent it defines references to such terms to include each of Fanatics' unspecified "respective affiliates, subsidiaries, agents and/or employees, attorneys, and persons acting on their behalf" on the grounds that such a construction is vague, overbroad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings. Fanatics will interpret "Fanatics," "You," "Your," or "Yours" to mean Fanatics, Inc.; Fanatics, LLC; Fanatics Collectibles Intermediate Holdco, Inc.; Fanatics SPV, LLC; and Fanatics Holdings, Inc.; and any of their respective affiliates and subsidiaries that are within Fanatics' collectibles business line.

4. Fanatics objects to the definitions of "GCP," "MLB," "MLBPA," "NBA," "NBPA," "NFL," "NFLPA," and "OneTeam" to the extent they define references to these entities to include each of their unspecified "affiliates, subsidiaries, and related parties" on the grounds that such a construction is vague, overbroad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings. Fanatics will interpret these

4

terms to mean GC Packaging, LLC, Major League Baseball, Major League Baseball Players Association, National Basketball Association, National Basketball Players Association, National Football League, National Football League Players Association, OneTeam Partners, LLC, respectively.

5. Fanatics objects to the definition of "Players Associations" to the extent it defines reference to such term to include unspecified "affiliates, subsidiaries, and related parties" of "Players Associations" on the grounds that such a construction is vague, overbroad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings. Fanatics will interpret "Players Associations" to mean Major League Baseball Players Association, National Basketball Players Association, and National Football League Players Association.

6. Fanatics objects to Instruction No. 1 as overbroad and unduly burdensome to the extent it purports to impose on Fanatics an obligation to produce "the original of each document requested together with all non-identical copies and drafts of that document" and any copy produced in lieu of the original "shall be legible and bound or stapled in the same manner as the original." Fanatics also objects to this Instruction to the extent that it requires Fanatics to produce documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities. Fanatics is willing to meet and confer regarding appropriate, reciprocal technical specifications for any productions.

7. Fanatics objects to Instruction No. 2 as overbroad and unduly burdensome to the extent it purports to impose on Fanatics an obligation to produce "[a]ny alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of" a

responsive document. Fanatics also objects to this Instruction to the extent that it requires Fanatics to produce documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities. Fanatics is willing to meet and confer regarding appropriate technical specifications for any productions.

8. Fanatics objects to Instruction No. 3 as overbroad and unduly burdensome to the extent it purports to impose upon Fanatics obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable rule or law. Fanatics will construe the Requests consistently with the applicable rules or law, and adopts in the responses herein the definitions specified in Local Civil Rule 26.3.

9. Fanatics objects to Instruction No. 7 as vague, ambiguous, and confusing, rendering the Requests unintelligible. Fanatics will construe the Requests as they are written and consistently with the applicable rules or law.

10. Fanatics objects to Instruction No. 8 as vague and ambiguous, overbroad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of these proceedings. Unless otherwise specified in the Specific Responses and Objections, Fanatics will interpret any reference to a person that is an undefined business entity as the legal business entity itself.

11. Fanatics objects to Instructions 12, 13, 14, and 15 in their entirety as premature, overbroad, unnecessary, and unduly burdensome. Fanatics will produce documents, if any, according to the stipulated ESI Protocol in this matter. Fanatics is willing to meet and confer regarding appropriate, reciprocal technical specifications for any productions.

12. Fanatics objects to Instruction No. 16 as unduly burdensome to the extent it purports to impose on Fanatics an obligation to produce documents that are equally accessible to Panini, and to the extent it purports to require Fanatics to produce "all" copies of a document.

13. Fanatics objects to Instruction No. 18 as vague and ambiguous, overbroad, and unduly burdensome. If there are no documents in response to a particular Request, Fanatics will so state in its response. If Fanatics is withholding documents responsive to a particular Request based on any objections, Fanatics will so state in its response. Fanatics is willing to meet and confer if necessary regarding the remainder of this Instruction.

14. Fanatics objects to Instruction No. 19 as premature, overbroad and/or unduly burdensome. If needed, Fanatics is willing to meet and confer regarding an appropriate, reciprocal format for privilege logs in this action at the appropriate time.

15. Fanatics objects to Instruction No. 20 to the extent it purports that absent an agreement or order "governing the format of the production and the media on which production will be made," production "will be provided in a form to be specified by Panini." Fanatics will produce documents, if any, in compliance with the stipulated ESI Protocol and Protective Order. If needed, Fanatics is willing to meet and confer and negotiate in good faith with Panini regarding any uncertainty about the format of the production or the media on which production will be made to the extent it is not covered by the stipulated ESI Protocol and Protective Order.

16. Fanatics objects to Instruction No. 21 as vague and ambiguous, overbroad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of these proceedings. Fanatics will not produce documents created outside the period of December 1, 2020, to the date of Panini's Amended Complaint, Dkt. No. 69 (October 10, 2023).

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**:

All Agreements with the NBA, NFL, MLB, or their Players Associations related to trading cards, including but not limited to Your NFL license Agreement beginning on or around 4/1/2026, NFLPA license Agreement beginning on or around 3/1/2026, NBA license Agreement beginning on or around 10/1/2025, NBPA license Agreement beginning on or around 10/1/2025, MLB license Agreement beginning in or around 2025, MLBPA license Agreement beginning in or around 2025, and Agreement with the NBPA regarding a "Player's Only" non-exclusive license for "Off Court" products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Fanatics incorporates by reference the foregoing General Objections to Each Request for Production. Fanatics further objects to this Request as overbroad, unduly burdensome, vague, and seeking information that is neither relevant nor proportional to the needs of these proceedings, including to the extent it seeks (a) "[a]ll Agreements" with the specified entities "related to trading cards," and (b) information regarding a "Player's Only" non-exclusive license for "Off Court" products. Fanatics further objects to this Request to the extent it seeks confidential, propriety, and competitively sensitive information or documents, including information or documents subject to confidentiality agreements with third parties. Fanatics further objects to this Request as premature in light of Fanatics' pending Motion to Dismiss and Objection to Nondispositive Order and for reasons stated therein. As explained in the Objection to Nondispositive Order, the burden of producing the requested commercially sensitive agreements with third parties is not justified at this early stage of the proceedings, before the Court has ruled on Fanatics' Motion to Dismiss and determined which claims if any will remain in the case. Fanatics further objects to this Request to

the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities.

In light of these objections, Fanatics will not produce any documents in response to this Request while its Motion to Dismiss remains pending. Fanatics is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 2**:

Your Agreements with OneTeam related to trading cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Fanatics incorporates by reference the foregoing General Objections to Each Request for Production. Fanatics further objects to this Request as overbroad, unduly burdensome, vague, and seeking information that is neither relevant nor proportional to the needs of these proceedings, including to the extent it seeks all "Agreements with OneTeam related to trading cards" regardless of their relevance to claims or defense in this action. Fanatics further objects to this Request to the extent it seeks confidential, propriety, and competitively sensitive information or documents, including information or documents subject to confidentiality agreements with third parties. Fanatics further objects to this Request as premature in light of Fanatics' pending Motion to Dismiss and Objection to Nondispositive Order and for reasons stated therein. The burden of producing the requested commercially sensitive agreements with a third party is not justified at this early stage of the proceedings, before the Court has ruled on Fanatics' Motion to Dismiss and determined which claims if any will remain in the case. Fanatics further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities.

In light of these objections, Fanatics will not produce any documents in response to this Request while its Motion to Dismiss remains pending. Fanatics is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 3**:

Your Agreements related to GCP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Fanatics incorporates by reference the foregoing General Objections to Each Request for Production. Fanatics further objects to this Request as overbroad, unduly burdensome, vague, and seeking information that is neither relevant nor proportional to the needs of these proceedings, including to the extent it seeks all "Agreements related to GCP" regardless of their relevance to claims or defense in this action. Fanatics further objects to this Request to the extent it seeks confidential, propriety, and competitively sensitive information or documents, including information or documents subject to confidentiality agreements with third parties. Fanatics further objects to this Request as premature in light of Fanatics' pending Motion to Dismiss and Objection to Nondispositive Order and for reasons stated therein. The burden of producing the requested commercially sensitive agreements with a third party is not justified at this early stage of the proceedings, before the Court has ruled on Fanatics' Motion to Dismiss and determined which claims if any will remain in the case. Fanatics further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities.

In light of these objections, Fanatics will not produce any documents in response to this Request while its Motion to Dismiss remains pending. Fanatics is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 4**:

Your Agreements with hobby stores, distributors, big-box retailers, and case breakers related to the selling of NFL, NBA, and MLB player trading cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Fanatics incorporates by reference the foregoing General Objections to Each Request for Production. Fanatics further objects to this Request as overbroad, unduly burdensome, vague, and seeking information that is neither relevant nor proportional to the needs of these proceedings, including to the extent it seeks all "Agreements…related to the selling of NFL, NBA, and MLB player trading cards" between Fanatics and various unidentified third parties regardless of the agreements' relevance to claims or defense in this action. Fanatics further objects to this Request to the extent it seeks confidential, propriety, and competitively sensitive information or documents, including information or documents subject to confidentiality agreements with third parties. Fanatics further objects to this Request as premature in light of Fanatics' pending Motion to Dismiss and Objection to Nondispositive Order and for reasons stated therein. The burden of producing the requested commercially sensitive agreements with third parties is not justified at this early stage of the proceedings, before the Court has ruled on Fanatics' Motion to Dismiss and determined which claims if any will remain in the case. Fanatics further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities.

In light of these objections, Fanatics will not produce any documents in response to this Request while its Motion to Dismiss remains pending. Fanatics is willing to meet and confer about this Request.

DATED: February 7, 2025

| | |
|---|---|
| */s/ Michael B. Carlinsky* | */s/ Lawrence E. Buterman* |
| Michael B. Carlinsky | Lawrence E. Buterman |
| Kathryn D. Bonacorsi | **Latham & Watkins LLP** |
| **QUINN EMANUEL URQUHART** | 1271 Avenue of the Americas |
| **& SULLIVAN LLP** | New York, NY 10020 |
| 295 Fifth Avenue | (212) 906-1264 |
| New York, NY 10016 | lawrence.buterman@lw.com |
| | |
| Derek L. Shaffer | Amanda P. Reeves (*pro hac vice*) |
| **QUINN EMANUEL URQUHART** | **Latham & Watkins LLP** |
| **& SULLIVAN LLP** | 555 Eleventh Street, NW, Suite 1000 |
| 1300 I Street NW, 9th Floor | Washington, DC 20004 |
| Washington, DC 20005 | |
| | Christopher S. Yates (*pro hac vice*) |
| | **Latham & Watkins LLP** |
| | 505 Montgomery Street, Suite 2000 |
| | San Francisco, CA 94111 |