# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PANINI AMERICA, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>FANATICS, INC., FANATICS, LLC,<br>FANATICS COLLECTIBLES<br>INTERMEDIATE HOLDCO, INC.,<br>FANATICS SPV, LLC, and<br>FANATICS HOLDINGS, INC.<br><br>*Defendants.* | **Case No. 1:23-cv-09714-LTS-VF**<br>**[rel: Case No. 1:23-cv-06895-LTS-VF]** |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF PANINI AMERICA, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Fanatics, Inc.[1]; Fanatics, LLC; Fanatics Collectibles Intermediate Holdco, Inc.; Fanatics SPV, LLC; and Fanatics Holdings, Inc. (collectively, "Fanatics"), by their undersigned counsel, provide the following responses and objections to Plaintiff Panini America, Inc.'s ("Panini") Second Set of Requests for Production of Documents, dated April 29, 2025 (the "Requests").

### GENERAL OBJECTIONS TO EACH REQUEST FOR PRODUCTION

1.    Fanatics objects to the Requests to the extent that they purport to impose upon Fanatics obligations beyond those imposed by any court order, the parties' stipulated ESI Protocol (ECF No. 157), the parties' stipulated Protective Order (ECF No. 158), the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New

---

[1] Defendants note that Fanatics, Inc. no longer exists as a legal entity.

York (collectively, the "Applicable Rules"), or any other applicable rule or law.  Without waiver or limitation of any of the objections set forth below, Fanatics will construe the Requests consistently with the Applicable Rules.

2.      Fanatics objects to the Requests to the extent that they seek production of documents that are not in the possession, custody, or control of Fanatics.

3.      Fanatics objects to the Requests to the extent that they seek information or documents protected by any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption.  Inadvertent production of any information or documents which are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Fanatics to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings.  In the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, Panini will return the information and documents to Fanatics and will be precluded from disclosing or relying upon such information or documents in any way.

4.      Fanatics objects to the Requests to the extent that they call for the disclosure or production of information subject to confidentiality agreements with third parties and to the extent that they seek confidential, proprietary, or trade secret information of Fanatics or third parties. Fanatics further objects to the Requests to the extent that they seek the production of information, documents, or communications that reflect information that is subject to other protective orders, privacy laws and regulations, non-disclosure agreements, or other confidentiality undertakings.

5.    Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they are overbroad, disproportionate to the needs of the case, cumulative, vague, ambiguous, and/or seek documents or information neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  By responding to the Requests, Fanatics does not concede that any Request or documents responsive thereto are relevant or material to the claims or defenses of any party or to the subject matter of this action.

6.    Fanatics objects to the Requests to the extent that they seek documents that are relevant only to claims that were dismissed by the Court in its March 10, 2025 Memorandum Order (ECF No. 163) ("Dismissed Claim").   These include documents related only to: Fanatics' acquisition of Topps; Panini's claims for tortious interference with Panini's NFL, NBA, and NBPA contracts; Panini's claims for tortious interference with Panini's GCP contract related to the alleged breach of that contract's change of control provision; Panini's claims for tortious interference with Panini's prospective business with the NFLPA and WWE; and Panini's claims regarding alleged defamatory communications made by Fanatics to Panini's employees, players, and players associations.

7.    Fanatics objects to the Requests to the extent that they seek documents from January 1, 2017 to "Present."   This dispute arises from Fanatics' entry into the collectibles industry, which occurred in 2021 at the earliest.  Panini's Amended Complaint alleges that certain conduct occurred between 2021 and the date of its Amended Complaint (October 10, 2023).  Unless otherwise specified, Fanatics will produce documents from the period of December 1, 2020 to October 10, 2023 (the "Relevant Period").

8.    Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they purport to require Fanatics to conduct anything beyond a reasonable and diligent

3

search for readily accessible documents from readily available sources where responsive documents reasonably would be expected to be found.

9.      Fanatics objects to the Requests to the extent they are duplicative of one another or duplicative of other discovery requests that may have been served in this case.

10.      Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they draw legal conclusions, including in defining or describing requested documents. Fanatics objects to any and all assumptions and legal conclusions to the extent that they are included in or underlie any Request.  Any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any legal conclusions stated in the Requests are accurate.

11.      Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they improperly and prematurely seek discovery of expert opinions.

12.      Any statement by Fanatics that it will meet and confer with Panini regarding its response to any Request remains subject to each of Fanatics' objections.  Any undertaking to meet and confer regarding, or to search for or provide information in response to, any Request remains subject to the objections in this Response.  If and to the extent Fanatics were to undertake a search for documents, such an undertaking is not intended, and shall not be construed, as an admission that any responsive documents exist.

13.      Any statement by Fanatics that it will produce documents in response to a particular Request shall not be construed as a representation that Fanatics in fact has any documents or information responsive to that Request, or that such information exists, but rather, that Fanatics intends, subject to its objections, to conduct a reasonably diligent search for responsive information in its possession, custody, or control that may contain relevant information.

4

14.     Fanatics' production of any requested document, notwithstanding the objectionable nature of any of the Requests themselves, is not: (i) a concession that the document is relevant to this proceeding; (ii) a waiver of Fanatics' General or Specific Objections to Requests set forth herein; or (iii) an agreement that requests for similar documents or information will be treated in a similar manner.

15.     Fanatics' responses to the Requests are without waiver or limitation of its right to object to the use of any documents that Fanatics produces on grounds of competency, relevancy, materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this or any other action.  Each response is without prejudice to, or waiver of, any objection Fanatics may make to any future use of such documents.  Fanatics likewise reserves the right to object to other discovery requests involving or relating to the subject matter of any document produced in response to these Requests.

16.     Fanatics reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in Fanatics' responses and objections is also subject to correction for omissions or errors.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Fanatics objects to the Definitions to the extent they exceed the scope set forth in the Southern District of New York's Uniform Definitions in Discovery Requests, Local Civil Rule 26.3.  Fanatics adopts in the responses herein the definitions specified in Local Civil Rule 26.3.

2.     Fanatics objects to the Definitions and Instructions of the Requests to the extent they seek to impose any obligations or requirements that contradict the stipulated ESI Protocol or

5

Protective Order in this matter.  In the event of a conflict, Fanatics will comply with the provisions of the ESI Protocol or Protective Order.

3.	Fanatics objects to the Definition of "Athlete" to the extent it includes athletes who participate in sports at "any and all levels" on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics will interpret "Athlete" to mean "high school, collegiate, and professional" participants in sports, as set forth in Request No. 54.

4.	Fanatics objects to the Definition of "Autograph" as vague and ambiguous to the extent it uses the undefined phrase "wet signature."  Fanatics will interpret "Autograph" to mean a handwritten signature on a physical document or other physical material.

5.	Fanatics objects to the Definition of "Card-Breaking" to the extent it includes activities that occur "often on a livestream" on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.

6.	Fanatics objects to the Definition of "Case Breakers" as vague and ambiguous to the extent it is limited to individuals or businesses who buy "new packs" and excludes individuals or businesses who buy repackaged packs.  Fanatics will interpret "Case Breakers" to mean individuals or businesses who buy any packs of Trading Cards to open them live over the internet.

7.	Fanatics objects to the definition of "Case Breaking" as vague and ambiguous to the extent it is limited to individuals or businesses who open "new packs" and excludes individuals or businesses who open repackaged packs.  Fanatics will interpret "Case Breaking" to mean opening any packs of Trading Cards live over the internet.

8.      Fanatics objects to the Definition of "Competing Products" to the extent it includes "collectible cards," "fictional characters…," "people, or things," and "other collectibles," on the grounds that such a construction is vague and ambiguous.  Fanatics further objects to the Definition of "Competing Products" as vague and ambiguous on the grounds that it relies on the Definition of "Relevant Market," to which Fanatics also objects.  Fanatics further objects to the Definition of "Competing Products" to the extent it calls for expert opinion.

9.      Fanatics objects to the Definition of "Fanatics," "You," "Your," or "Yours" to the extent it includes each of Fanatics' "lines of business, brands, affiliates, subsidiaries, and related parties" and each of Fanatics' "past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings. Fanatics will interpret "Fanatics," "You," "Your," or "Yours" to mean Fanatics, Inc.; Fanatics, LLC; Fanatics Collectibles Intermediate Holdco, Inc.; Fanatics SPV, LLC; and Fanatics Holdings, Inc.; and any of their respective direct affiliates and subsidiaries that are within Fanatics' collectibles business line.

10.     Fanatics objects to the Definition of "Fanatics Collectibles" to the extent it encompasses "Fanatics' Trading Card operations," "includ[ing] Fanatics Collectibles Intermediate Holdco, Inc. and Fanatics SPV, LLC," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics will interpret this term to mean Fanatics Collectibles Intermediate Holdco, Inc. and Fanatics SPV, LLC.

7

11.     Fanatics objects to the Definition of "GC Packaging" or "GCP" to the extent it includes unidentified "affiliates, subsidiaries, and related parties," as well as "past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics will interpret this term to mean GC Packaging LLC.

12.     Fanatics objects to the Definition of "Individual Athlete Agreements" as vague and ambiguous, overly broad, and unduly burdensome on the grounds that the definition of this term relies on the definitions of the terms "Athlete" and "Fanatics" to which Fanatics also objects. Fanatics further objects to the Definition of "Individual Athlete Agreements" as vague and ambiguous to the extent it purports to exclude agreements for services, such as public appearances.

13.     Fanatics objects to the Definition of "Licensors" to the extent it includes the undefined term "sports-related entities," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics further objects to the Definition of "Licensors" as vague and ambiguous to the extent it excludes individual athletes.

14.     Fanatics objects to the Definition of "Local Card Shop" to the extent it includes the undefined term "specializes," on the grounds that such a construction is vague and ambiguous.

15.     Fanatics objects to the Definition of "Major U.S. Professional Sports Leagues"  to the extent it calls for expert opinion and/or a legal conclusion.

16.     Fanatics objects to the Definitions of "MLB," "MLBPA," "NBA," "NBPA," "NFL," "NFLPA," and "OneTeam" to the extent they include each of their unspecified "affiliates,

subsidiaries, and related parties" on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics will interpret these terms to mean Major League Baseball, Major League Baseball Players Association, National Basketball Association, National Basketball Players Association, National Football League, National Football League Players Association, and OneTeam Partners, LLC, respectively.

17.    Fanatics objects to the Definitions of "MLB License Agreement," "MLBPA License Agreement," "NBA License Agreement," "NBAPA License Agreement," "NFL License Agreement," and "NFLPA License Agreement," as vague and ambiguous, overly broad, and unduly burdensome on the grounds that the definitions of these terms rely on the definition of the term "Fanatics," to which Fanatics also objects.

18.    Fanatics objects to the Definition of "Person" to the extent that it seeks to expand upon the definition provided in Local Rule 26.3(c)(6).

19.    Fanatics objects to the Definition of "Player's Only Non-Exclusive License for Off Court Products," as  vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.

20.    Fanatics objects to the Definition of "Relevant Market," including the terms "interchangeable" and "substitute," because it calls for expert testimony and/or legal conclusions.

21.    Fanatics objects to the Definition of "Relevant Time Period" as overly broad and unduly burdensome to the extent it seeks information beyond the relevant scope of discovery. Fanatics understands the Relevant Period to be from December 1, 2020 to October 10, 2023.

22.    Fanatics objects to the Definition of "Sports Merchandise" to the extent it includes the undefined term "sports-related theme," on the grounds that such a construction is vague and

9

ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.

23.     Fanatics objects to the Definition of "Sports Trading Cards" as vague and ambiguous to the extent it is limited to "cards featuring the NIL of Athletes" and excludes, for instance, cards featuring stadiums, trophies, managers, and mascots.

24.     Fanatics objects to the Definition of "Topps" to the extent it includes unidentified "affiliates, subsidiaries, and related parties," as well as "past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics will interpret this term to mean The Topps Company, Inc.

25.     Fanatics objects to the Definition of "Topps Acquisition," as vague and ambiguous, overly broad, and unduly burdensome on the grounds that the Definition of this term relies on the Definition of the term "Fanatics," to which Fanatics also objects.

26.     Fanatics objects to Paragraph 59 of Definitions on the grounds that it seeks to impose obligations beyond scope of Applicable Rules, particularly to the extent it seeks to impose undue burden on Fanatics.  Fanatics further objects on grounds that this paragraph does not obviate Fanatics' specific objections to terms.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

For each year of the Relevant Time Period, Documents—including, but not limited to, organizational charts—sufficient to show Your corporate structure—including, but not limited to, Fanatics Collectibles' corporate structure—and the organization of each division, department, unit,

10

or subdivision, parent, subsidiary, joint venture or affiliate of Your company that has or had any role in the production, manufacture, distribution, marketing, pricing, or sale of Sports Trading Cards, Competing Products, or Sports Trading Card Inputs—including, but not limited to, pieces of Athlete jerseys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 2 and 3. Fanatics further objects to this Request as duplicative to the extent it seeks organizational charts that Fanatics already produced to Plaintiff. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents regarding every "division, department, unit, or subdivision, parent, subsidiary, joint venture or affiliate of Your company that has or had any role in the production, manufacture, distribution, marketing, pricing, or sale of Sports Trading Cards, Competing Products, or Sports Trading Card Inputs" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "division," "subdivision," "department," "unit," "affiliate," and "parent."

Subject to and without waiving its objections, Fanatics responds that it has already produced organizational charts reflecting its relevant corporate structure and personnel during the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 2**

For each year from 2017 through 2021, Documents—including, but not limited to, organizational charts—sufficient to show Your corporate structure and the organization of each

11

division, department, unit, or subdivision, parent, subsidiary, joint venture or affiliate of Your company that had any role in planning, negotiating, executing, or implementing the Exclusive License Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Requests Nos. 1 and 3. Fanatics further objects to this Request as duplicative to the extent it seeks organizational charts that Fanatics already produced to Plaintiff. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents regarding every "division, department, unit, or subdivision, parent, subsidiary, joint venture or affiliate of Your company that had any role in planning, negotiating, executing, or implementing the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "division," "subdivision," "department," "unit," "affiliate," and "parent."

Subject to and without waiving its objections, Fanatics responds that it has already produced organizational charts reflecting its relevant corporate structure and personnel during the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 3**

All of Your articles of incorporation, corporate and employee organizational charts, and bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Requests Nos. 1 and 2. Fanatics further objects to this Request as duplicative to the extent it seeks organizational charts that Fanatics already produced to Plaintiff. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics has already produced organizational charts reflecting its relevant corporate structure and personnel during the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to identify the percentage ownership interests held by each entity in Your corporate organization in any other entity in Your corporate organization, including, but not limited to, any ownership interests in Fanatics Collectibles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this request as vague and ambiguous in its use of the undefined term "corporate organization." Fanatics further objections to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation.

13

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show all individuals or entities that own equity or other financial interests in Fanatics Holdings, Inc., Fanatics Global Holdco, LLC, Fanatics Collectibles Topco, Inc., Fanatics Collectibles Holdco, Inc., Fanatics Collectibles Intermediate Holdco, Inc., Fanatics SPV, LLC, Fanatics Collectibles AC Inc., Topps Intermediate Holdco, Inc., or The Topps Company, Inc., and the nature and amount of each individual's or entity's equity share.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Requests 4, 17, 20, 23, 26, 29, 32, 35, 44, and 112. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks discovery into claims that have already been dismissed.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 6**

Documents sufficient to show the names, titles, and responsibilities of all of Your employees or executives with managerial responsibilities for manufacturing, producing, marketing, pricing, selling, or distributing Sports Trading Cards and Competing Products.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative to the extent it seeks organizational charts that Fanatics has already produced to Plaintiff.

Subject to and without waiving its objections, Fanatics responds that it has already produced organizational charts reflecting its relevant personnel structure during the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to show the names, titles, and responsibilities of all of Your employees or executives with managerial responsibilities for procuring, sourcing, or obtaining Autographs or other Sports Trading Card Inputs, including, but not limited to, pieces of Athletes' jerseys or shoes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative to the extent it seeks organizational charts that Fanatics already produced to Plaintiff.

Subject to and without waiving its objections, Fanatics responds that it has already produced organizational charts reflecting its relevant personnel structure during the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

15

**REQUEST FOR PRODUCTION NO. 8**

All Documents relating to any contemplated, planned, pending, or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spinoffs, or any other change in ownership of any subsidiaries, corporate affiliates, departments, business units, or other subdivisions of Your Sports Trading Card business to any Person or entity, including any seller, producer, or manufacturer of Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks "all" Documents related to "contemplated" or "planned" "purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spinoffs, or any other change in ownership of any subsidiaries, corporate affiliates, departments, business units, or other subdivisions of Your Sports Trading Card business" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overly broad and unduly burdensome insofar as it seeks Documents that are outside Fanatics' possession, custody, or control. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "subdivisions," "business units," "departments," "other change in ownership," "affiliated," and "contemplated."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

16

**REQUEST FOR PRODUCTION NO. 9**

All Documents concerning funding, capital raises, or financing for Your Sports Trading Card business during the Relevant Time Period, including, but not limited to, pitch decks, offering memoranda, investment presentations, or other materials provided to potential investors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document related to "funding, capital raises, or financing for Your Sports Trading Card business" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as duplicative of other Requests, including Request No. 10.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 10**

All Documents concerning funding, capital raises, or financing for Your business based on Your Sports Trading Card business or the prospect of launching a Sports Trading Card business during the Relevant Time Period, including, but not limited to, pitch decks, offering memoranda, investment presentations, or other materials provided to potential investors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

17

Fanatics objects to this Request as vague and ambiguous in its use of the undefined terms "Your business."  Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document related to "funding, capital raises, or financing for Your business based on Your Sports Trading card business or the prospect of launching a Sports Trading Card business during the Relevant Time Period" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request as duplicative of other Requests, including Request No. 9.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 11**

All Documents concerning any actual or potential conflicts of interest arising from equity ownership or corporate governance rights by Major U.S. Professional Sports Leagues or their respective Players Associations in any Fanatics entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.  Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "conflicts of interest" and "corporate governance rights."  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document related to "conflicts of interest arising

18

from equity ownership or corporate governance rights by Major U.S. Professional Sports Leagues or their respective Players Associations" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to show each type of Trading Card, including Sports Trading Cards, and each type of Competing Product that You manufactured, marketed, or sold during the Relevant Time Period, including its brand name, identifying product or model numbers, physical properties and characteristics, and any unique product identification number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as vague and ambiguous in its use of undefined terms "physical properties and characteristics." Fanatics further objects to this Request as overly broad and unduly burdensome to the extent that it seeks details related to Fanatics' products without regard to whether those details are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents sufficient to show the types of "Trading Cards" and "Competing Products" it manufactured, marketed, or sold during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 13**

All Documents concerning sales data for Sports Trading Cards and Competing Products sold by You during the Relevant Time Period, including, but not limited to:

      a.      Monthly and annual revenue figures by product line, release, or collection;

      b.      Unit sales data by product line, release, or collection;

      c.      Profit margin data by product line, release, or collection;

      d.      Market share analyses or estimates;

      e.      Sales forecasts and actual sales results comparisons; and

      f.      Price lists, pricing strategies, and price changes over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as vague and ambiguous in its use of undefined terms "pricing strategies," and "actual sales results comparisons." Fanatics further objects to this Request as overly broad and unduly burdensome because it seeks every Document "concerning sales data for Sporting Trading Cards and Competing Products," and granular details related to Fanatics' products, without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks private, confidential, or proprietary information without regard to whether those details are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the business of selling Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the business of selling Sports Trading Cards" without regard to whether those Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the NFL License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the NFL License Agreement" without regard to whether such Documents are relevant to any claim or defense in this litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

21

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 16**

All Documents concerning the negotiations and execution of the NFL License Agreement, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of the NFL License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

22

**REQUEST FOR PRODUCTION NO. 17**

All Documents concerning equity or other financial interests in Fanatics provided to the NFL in connection with the NFL License Agreement, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interest in Fanatics provided to the NFL in connection with the NFL License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the NFLPA License Agreement.

23

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the NFLPA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 19**

All Documents concerning the negotiations and execution of the NFLPA License Agreement, including, but not limited to, all term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of the NFLPA License

24

Agreement" without regard whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 20**

All Documents concerning equity or other financial interests in Fanatics provided to NFLPA in connection with the NFLPA License Agreement, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interests in Fanatics provided to NFLPA in connection with the NFLPA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to

restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 21**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the NBA License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the NBA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 22**

All Documents concerning the negotiations and execution of the NBA License Agreement, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of the NBA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 23**

All Documents concerning equity or other financial interests in Fanatics provided to the NBA in connection with the NBA License Agreement, including, but not limited to, equity subscription agreements and equity exchanges.

27

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interests in Fanatics provided to the NBA in connection with the NBA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 24**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the NBPA License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the NBPA License Agreement" without regard whether such Documents are relevant to any claim or defense in the

litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 25**

All Documents concerning the negotiations and execution of the NBPA License Agreement, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of the NBPA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

29

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 26**

All Documents concerning equity or other financial interests in Fanatics provided to the NBPA in connection with the NBPA License Agreement, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interests in Fanatics provided to the NBPA in connection with the NBPA License Agreement" without regard whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

30

**REQUEST FOR PRODUCTION NO. 27**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into a license agreement with the NBPA for a Player's Only Non-Exclusive License for Off Court Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into a license agreement with the NBPA for a Player's Only Non-Exclusive License for Off Court Products" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as vague and ambiguous in its use of the term "Off Court Products."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 28**

All Documents concerning the negotiations and execution of Your license agreement with the NBPA for a Player's Only Non-Exclusive License for Off Court Products, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

31

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of Your license agreement with the NBPA for a Player's Only Non-Exclusive License for Off Court Products" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as vague and ambiguous in its use of the term "Off Court Products."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 29**

All Documents concerning equity or other financial interests in Fanatics provided to the NBPA in connection with the Player's Only Non-Exclusive License for Off Court Products, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

32

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interests in Fanatics provided to the NBPA in connection with the Player's Only Non-Exclusive License for Off Court Products" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.  Fanatics further objects to this Request as vague and ambiguous in its use of the term "Off Court Products."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 30**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the MLB License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the MLB License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further

33

objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

## REQUEST FOR PRODUCTION NO. 31

All Documents concerning the negotiations and execution of the MLB License Agreement, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of the MLB License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 32**

All Documents concerning equity or other financial interests in Fanatics provided by You to MLB in connection with the MLB License Agreement, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interests in Fanatics provided by You to MLB in connection with the MLB License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 33**

All Documents and Communications discussing, expressing, analyzing, or relating to Your decision to enter into the MLBPA License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to Fanatics' "decision to enter into the MLBPA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 34**

All Documents concerning the negotiations and execution of the MLBPA License Agreement, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations and execution of the MLBPA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as

it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 35**

All Documents concerning equity or other financial interests in Fanatics provided to the MLBPA by You in connection with the MLBPA License Agreement, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "equity or other financial interests in Fanatics provided to the MLBPA by You in connection with the MLBPA License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

37

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 36**

All Documents and Communications concerning the duration of the Exclusive License Agreements, including, but not limited to, any consideration of shorter or longer licensing terms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the duration of the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 37**

All Documents constituting or relating to pitch materials, proposals, or presentations concerning Your plans for the marketing, production, distribution, and sale of Sports Trading

38

Cards provided to the NFL, NFLPA, MLB, MLBPA, NBA, NBPA, OneTeam, or other Licensors by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "pitch materials, proposals, or presentations concerning Your plans for the marketing, production, distribution, and sale of Sporting Trading Cards" provided to certain licensors without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 38**

All Documents concerning control, voting rights, or other governance rights (including board seats or board observer rights) in Fanatics provided to the NFL, NFLPA, NBA, NBPA, MLB, MLBPA, or OneTeam in connection with the Exclusive License Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "control, voting rights, or other governance rights … in Fanatics provided to" certain licensors "in connection with the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 39**

All Documents concerning financial projections, business plans, or forecasts related to Your expected sales, revenues, profits, or returns on investment under the Exclusive License Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "concerning financial projections, business plans, or forecasts related to Your expected sales, revenues, profits, or returns on investment under the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the

undefined term "returns on investment."  Fanatics further objects to this Request as duplicative of other requests, including Requests Nos. 40 and 41.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 40**

All Documents concerning any financial models, pro forma statements, or economic analyses prepared in connection with Your decision to enter into the Exclusive License Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any financial models, pro forma statements, or economic analyses prepared in connection with Your decision to enter into the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 39 and 41.  Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "economic analyses."

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests.  Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

41

**REQUEST FOR PRODUCTION NO. 41**

All Documents concerning any presentations, memoranda, or reports provided to Your board of directors, investors, lenders, or other stakeholders regarding the anticipated financial performance or expected returns from the Exclusive License Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any presentations, memoranda, or reports provided to Your board of directors, investors, lenders, or other stakeholders regarding the anticipated financial performance or expected returns from the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 39 and 40. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "other stakeholders" and "expected returns." Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is willing to meet and confer regarding what, if any, additional documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 42**

All Documents concerning any analysis of the value of the Exclusive License Agreements.

42

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any analysis of the value of the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 39, 40, and 41. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "value."

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 43**

All Documents discussing, referencing, analyzing, studying, or relating to the value of Panini S.p.A. or Panini America's businesses or existing licensing agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "the value of Panini S.p.A. or Panini America's businesses or existing licensing agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or

43

control.  Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "value" and "Panini America's businesses."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 44**

All Documents discussing or analyzing the financial terms of the Exclusive License Agreements, including, but not limited to, guaranteed payments, royalty rates, minimum guarantees, and any equity distributions to MLB, NBA, NFL, MLBPA, NBPA, NFLPA, or OneTeam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "discussing or analyzing the financial terms of the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 39, 40, 41, and 42.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests.  Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

44

**REQUEST FOR PRODUCTION NO. 45**

All Documents concerning Your projections of the Sports Trading Card industry growth, market size, or market opportunity during the terms of the Exclusive License Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning Fanatics' "projections of the Sports Trading Card industry growth, market size, or market opportunity during the terms of the Exclusive License Agreements" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request in its use of the undefined term "market."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 46**

All Documents concerning any revisions or updates to Your financial projections for the Exclusive License Agreements following the Topps Acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 39, 40, 41, 42, and 44. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any revisions or

45

updates to Your financial projections for the Exclusive License Agreements following the Topps Acquisition" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Fanatics will not produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47**

All Documents concerning any revisions or updates to Your financial projections for the Exclusive License Agreements following Your acquisition of an interest in GC Packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any revisions or updates to Your financial projections for the Exclusive License Agreements following Your acquisition of an interest in GC Packaging" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 39, 40, 41, 42, and 44.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 48**

All Documents concerning Your use of customer data in connection with the marketing or sale of Sports Trading Cards, including, but not limited to: (a) business plans, strategies, or initiatives regarding the use of customer data to increase Sports Trading Card sales; (b) reports,

46

analyses, or studies concerning customer purchasing patterns, preferences, or behaviors related to Sports Trading Cards; and (c) Documents concerning the use of customer data collected in connection with any of Fanatics's products or services for the purpose of marketing Sports Trading Cards or increasing Sports Trading Card sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "concerning Your use of customer data in connection with the marketing or sale or Sporting Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Fanatics will not produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49**

All Documents concerning Your plans or ability to use the NIL and Autographs of NFL Players on Your NFL Cards products prior to March 2026.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning Fanatics' "plans or ability to use the NIL and Autographs of NFL Players on Your NFL Cards products prior to March 2026" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent

47

that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.  Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "ability to use."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents sufficient to show Fanatics' actual use on NFL cards of NFL Player NIL or Autographs acquired during the Relevant Period.

## REQUEST FOR PRODUCTION NO. 50

All Documents concerning Your plans or ability use the NIL and Autographs of NBA Players on Your NBA Cards products prior to October 2025.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning Fanatics' "plans or ability to use the NIL and Autographs of NBA Players on Your NBA Cards products prior to October 2025" without regard whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks private, confidential, or proprietary information without regard to whether those details are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.  Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "ability to use."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 51**

All Documents relating to or concerning the 2025 Topps Football Releases and any additional NFL Cards products that you intend to release in 2025, including all Your Athlete Player Agreements with Athletes included in the Topps Chrome product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "the 2025 Topps Football Releases and any additional NFL Cards products that you intend to release in 2025," without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Request No. 49. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "NFL Cards products."

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests, including Request No. 49. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 52**

All Communications with Athletes or their representatives concerning or relating to the 2025 Topps Football Releases.

49

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every communication with "Athletes or their representatives concerning or relating to the 2025 Topps Football Releases" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overbroad and unduly burdensome to the extent it seeks Documents that are outside of Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 53**

All Communications with the NFLPA or NFL Players concerning the 2025 Topps Football Releases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every communication with "the NFLPA or NFL Players concerning the 2025 Topps Football Releases" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of

50

confidentiality.  Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

## REQUEST FOR PRODUCTION NO. 54

Your agreements with Athletes, including high school, collegiate, and professional Athletes, for the right to use their NIL or Autographs on NFL Cards.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every "agreement[] with Athletes … for the right to use their NIL or Autographs on NFL Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 55.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents sufficient to show its agreements with football players for the rights to use those players' NIL or Autographs on NFL Cards.

## REQUEST FOR PRODUCTION NO. 55

All Documents concerning the negotiations of Your Agreements with Athletes for the right to use their NIL or Autographs on NFL Cards, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

51

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every document concerning "the negotiations of Your Agreements with Athletes for the right to use their NIL or Autographs on NFL Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overbroad and unduly burdensome to the extent it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 56**

Your agreements with Athletes, including high school, collegiate, and professional Athletes, for the right to use their NIL or Autographs on NBA Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every "agreement[] with Athletes … for the right to use their NIL or Autographs on NBA Cards" without regard to whether such Documents are relevant to any claim or defense in the

litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request as duplicative of other Requests, including Request No. 57.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents sufficient to show its agreements with basketball players for the rights to use the players' NIL or Autographs on NBA Cards.

**REQUEST FOR PRODUCTION NO. 57**

All Documents concerning the negotiations of Your Agreements with Athletes for the right to use their NIL or Autographs on NBA Cards, including, but not limited to, term sheets, memoranda of understanding, related Communications, and all drafts of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the negotiations of Your Agreements with Athletes for the right to use their NIL or Autographs on NBA Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request as overbroad and unduly burdensome to the extent it seeks Documents that are outside of Fanatics' possession, custody, or control.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 58**

All Documents concerning any strategies, plans, or efforts to prevent Athletes from entering into Individual Athlete Agreements with Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any strategies, plans or efforts to prevent Athletes from entering into Individual Athlete Agreements with Panini" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overbroad and unduly burdensome to the extent it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent any exist (which Fanatics does not admit).

**REQUEST FOR PRODUCTION NO. 59**

All Documents reflecting, referring to, or relating to statements, representations, or Communications made to Athletes, their agents, or their representatives suggesting or stating that Athletes would not be able to secure Individual Athlete Agreements in the future if they did not sign with Fanatics or if they signed with Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "statements, representations, or Communications made to Athletes, their agents, or their representatives suggesting or stating that Athletes would not be able to secure Individual Athlete Agreements in the future if they did not sign with Fanatics or if they signed with Panini" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overbroad and unduly burdensome insofar as it seeks Documents that are outside of Fanatics' possession, custody, or control. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "suggesting." Fanatics further objects to this Request to the extent it seeks discovery into a claim that has already been dismissed.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the

55

extent any exist (which Fanatics does not admit) and to the extent they do not relate solely to a Dismissed Claim.

**REQUEST FOR PRODUCTION NO. 60**

All Documents relating to any meeting, phone call, video conference, or other Communication in which Fanatics discussed with Player Agencies, Athletes, their agents, or their representatives the consequences of not signing an Individual Athlete Agreement with Fanatics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "any meeting, phone call, video conference, or other Communication in which Fanatics discussed with Player Agencies, Athletes, their agents, or their representatives the consequences of not signing an Individual Athlete Agreement with Fanatics" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "consequences." Fanatics further objects to this Request to the extent it seeks discovery into a claim that has already been dismissed.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent any exist (which Fanatics does not admit) and to the extent they do not relate solely to a Dismissed Claim.

**REQUEST FOR PRODUCTION NO. 61**

All Documents reflecting complaints or concerns raised by Player Agencies, Athletes, their agents, or their representatives regarding Fanatics's negotiation tactics or statements made during negotiations for Individual Athlete Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as vague and ambiguous in its use of the undefined terms "representatives" and "negotiation tactics." Fanatics further objects to this Request to the extent it seeks discovery into a claim that has already been dismissed.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent any exist (which Fanatics does not admit) and to the extent they do not relate solely to a Dismissed Claim.

**REQUEST FOR PRODUCTION NO. 62**

All Documents concerning Your business rationale for signing Athletes who participate in football to exclusive Individual Athlete Agreements with terms prior to March 2026.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your business rationale for signing Athletes who participate in football to exclusive Individual Athlete Agreements with terms prior to March 2026" without

regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 49 and 51–55. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests, including Requests Nos. 49 and 51–55. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 63**

All Documents concerning Your business rationale for signing Athletes who participate in basketball to exclusive Individual Athlete Agreements with terms prior to October 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your business rationale for signing Athletes who participate in basketball to exclusive Individual Athlete Agreements with terms prior to October 2025" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 50, 56, and 57. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of

58

confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests, including Requests Nos. 50, 56, and 57.  Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 64**

All Documents relating to the Topps Acquisition, including, but not limited to, Documents concerning the valuation of Topps, the strategic rationale for the acquisition, and the anticipated competitive effects of the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "relating to the Topps Acquisition" "without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce Documents in response to this Request.

59

**REQUEST FOR PRODUCTION NO. 65**

All Documents concerning Your plans for Topps's business operations, brands, products, and personnel following the Topps Acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your plans for Topps's business operations, brands, products, and personnel following the Topps Acquisition" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 66**

All Documents concerning any analyses of the impact of the Topps Acquisition on competition in the markets for Sports Trading Cards, MLB Cards, NFL Cards, or NBA Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as overly broad and unduly burdensome,

60

including because it seeks every Document concerning "any analyses of the impact of the Topps Acquisition on competition in the markets for Sports Trading Cards, MLB Cards, NFL Cards, or NBA Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 67**

All Communications with MLB and/or the MLBPA regarding the Topps Acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with MLB and/or the MLBPA regarding the Topps Acquisition" without regard to whether such Communications are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68**

All Communications with MLB, MLBPA, NBA, NBPA, NFL, NFLPA, WWE, OneTeam or any other Licensor relating to, referencing, or discussing Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with MLB, MLBPA, NBA, NBPA, NFL, NFLPA, WWE, OneTeam or any other Licensor relating to, referencing, or discussing Panini" without regard to whether such Communications are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 69**

All Communications with the NFLPA relating to, referencing, or discussing the NFLPA's purported termination of Panini's trading card license agreement with the NFLPA in August 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with the NFLPA relating to, referencing, or discussing the NFLPA's purported termination of Panini's trading card license agreement with the NFLPA in

62

August 2023" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 70**

All Communications with WWE relating to, referencing, or discussing WWE's purported termination of Panini's trading card license agreement with WWE on or around August 25, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with WWE relating to, referencing, or discussing WWE's purported termination of Panini's trading card license agreement with WWE on or around August 25, 2023" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

63

**REQUEST FOR PRODUCTION NO. 71**

All Communications with Athletes, their agents, or their representatives discussing or concerning Panini, including, but not limited to, Communications discussing or concerning Panini's ability and efforts to obtain Athlete Autographs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with Athletes, their agents, or their representatives discussing or concerning Panini" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "representatives."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent those Documents do not relate solely to a Dismissed Claim.

**REQUEST FOR PRODUCTION NO. 72**

All Documents relating to Your Communications with Licensors, Athletes, their representatives, Player Agencies, or other third parties regarding Panini's business, financial condition, or future prospects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your Communications with Licensors, Athletes, their representatives, Player Agencies, or other third parties regarding Panini's business, financial condition, or future prospects" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 68–71.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests, including Requests Nos. 68–71. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 73**

All Documents relating to Your Communications with Panini's current and former employees regarding Panini's business, financial condition, or future prospects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as overly broad and unduly burdensome,

65

including because it seeks every Document relating to "Your Communications with Panini's current and former employees regarding Panini's business, financial condition, or future prospects" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as duplicative of other Requests, including Request No. 72. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "future prospects."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent those Documents do not relate solely to a Dismissed Claim.

**REQUEST FOR PRODUCTION NO. 74**

All Documents relating to Your agreements with OneTeam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your agreements with OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

66

Subject to and without waiving its objections, Fanatics responds that it has already produced any agreements with OneTeam related to sports trading cards from the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 75**

All Documents relating to the establishment of OneTeam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "the establishment of OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request as overly broad and unduly burdensome to the extent it seeks Documents that are outside Fanatics' possession, custody, or control.

Fanatics will not produce Documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76**

All Documents concerning any business plans, strategies, or objectives shared between You and OneTeam related to Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

67

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any business plans, strategies, or objectives shared between You and OneTeam related to Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "objectives." Fanatics further objects to this Request as overly broad and unduly burdensome to the extent it seeks Documents that are outside Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 77**

All Communications with OneTeam relating to the launch of Fanatics Collectibles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with OneTeam relating to the launch of Fanatics Collectibles" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics objects to this Request as vague and ambiguous in its use of undefined terms "launch." Fanatics

68

further objects to this Request as overly broad and unduly burdensome to the extent it seeks Documents that are outside Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 78**

All Documents concerning any financial arrangements, payments, equity interests, or other consideration exchanged between You and OneTeam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any financial arrangements, payments, equity interests, or other consideration exchanged between You and OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overly broad and unduly burdensome to the extent it seeks Documents that are outside Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 79**

All Documents concerning the formation, ownership structure, governance, or management of OneTeam, including, but not limited to, any Documents related to the equity or other financial interests held by You, NFLPA, MLBPA, or other entities and individuals in OneTeam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the formation, ownership structure, governance, or management of OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as overly broad and unduly burdensome to the extent it seeks Documents that are outside Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 80**

All Communications with OneTeam relating to, referencing, or discussing Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with OneTeam relating to, referencing, or discussing Panini" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 81**

All Documents relating to OneTeam's control, voting rights, or other governance rights in Fanatics, including, but not limited to, any Documents and Communications concerning OneTeam's board seats or board observer rights on Fanatics' board of directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "OneTeam's control, voting rights, or other governance rights in Fanatics" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics

71

further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 82**

All Documents relating to Your control, voting rights, or other governance rights in OneTeam, including, but not limited to, all Documents and Communications concerning Your board seats or board observer rights on OneTeam's board of directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your control, voting rights, or other governance rights in OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 83**

All Documents concerning Your development and launch of the Fanatics Live platform for Case Breaking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your development and launch of the Fanatics Live platform for Case Breaking" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 84**

Your Communications with Case Breakers, including, but not limited to, Communications regarding their use of the Fanatics Live platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document with Case Breakers without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 85**

All Documents concerning any requirements, restrictions, or conditions imposed on Case Breakers regarding their ability to obtain Fanatics Sports Trading Card products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any requirements, restrictions, or conditions imposed on Case Breakers regarding their ability to obtain Fanatics Sports Trading Card products" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 86**

All Documents constituting or relating to Your Agreements with Case Breakers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "constituting or relating to Your Agreements with Case Breakers" without regard to whether such Documents are relevant to any claim or defense in the litigation.

74

Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 87**

All of Your communications with distributors of Sports Trading Cards, including, but not limited to, GTS Distribution and Southern Hobby Distribution, regarding their relationship with Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with distributors of Sports Trading Cards . . . regarding their relationship with Panini" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 88**

All Documents concerning Your decision to terminate or modify Your relationship with any distributor of Sports Trading Cards, including, but not limited to, GTS Distribution and Southern Hobby Distribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your decision to terminate or modify Your relationship with any distributor of Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 89**

All Documents concerning Your negotiations or agreements with Retailers regarding the display, promotion, or sale of Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your negotiations or agreements with Retailers regarding

76

the display, promotion, or sale of Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 90**

All Documents concerning any restrictions or limitations imposed on Retailers regarding the display, promotion, or sale of Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any restrictions or limitations imposed on Retailers regarding the display, promotion, or sale of Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 91**

All Documents concerning any policies, guidelines, or agreements regarding minimum pricing requirements for the retail sale of Your Sports Trading Card products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any policies, guidelines, or agreements regarding minimum pricing requirements for the retail sale of Your Sports Trading Card products" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 92**

Your Communications with Local Card Shops regarding pricing, distribution, direct accounts, or sales of Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "with Local Card Shops regarding pricing, distribution, direct accounts, or sales of Sports Trading Cards" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the

extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 93**

All Documents concerning any restrictions or limitations imposed on Local Card Shops regarding the sale of Trading Cards on business-to-business websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any restrictions or limitations imposed on Local Card Shops regarding the sale of Trading Cards on business-to-business websites" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "business-to-business." Fanatics further objects to this Request as duplicative of other requests, including Request No. 91.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 94**

All Documents relating to Your business or strategic plans for opening retail stores that sell Fanatics Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your business or strategic plans for opening retail stores that sell Fanatics Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 95**

All Documents that analyze, study, or discuss the impact of Sports Trading Card prices on consumer demand for Sports Trading Cards in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the ground that it seeks premature expert discovery. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document that "analyzes, studies, or discusses the impact of Sports Trading card prices on consumer demand for Sports Trading Cards in the United States" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 96**

All Documents referring or relating to any of Your actual, proposed, or prospective pricing or price quotation methods, practices, policies, or strategies for Sports Trading Cards and Competing Products in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "referring or relating to any of Your actual, proposed, or prospective pricing or price quotation methods, practices, policies, or strategies for Sports Trading Cards and Competing Products in the United States" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 97**

Documents sufficient to show the volume and market share (in dollars and in units of Your sales in the United States) of Sports Trading Cards and Competing Products You manufactured,

81

produced, or sold, or expect to manufacture, produce, or sell since 2021 through 2045, broken down by product and month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the ground that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents related to products Fanatics "expects" to manufacture, produce or sell through 2045 "broken down by product and month," without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 98**

All Documents discussing or comparing the quality of, or market demand for, Sports Trading Cards produced and sold by You or other Sports Trading Card manufacturers in the United States, including Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the ground that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "discussing or comparing the quality of, or market demand for, Sports Trading Cards produced and sold by You

82

or other Sports Trading Card manufacturers in the United States, including Panini," without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 99**

All Documents analyzing, describing, evaluating, or studying the United States markets for Sports Trading Cards, including, but not limited to, all market studies concerning Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the ground that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "analyzing, describing, evaluating, or studying the United States markets for Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 100**

All Documents analyzing, describing, evaluating, or studying whether Sports Trading Cards compete with other Trading Cards and/or other types of sports collectibles.

84

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the ground that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "analyzing, describing, evaluating, or studying whether Sports Trading Cards compete with other Trading Cards and/or other types of sports collectibles" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 101**

All Documents analyzing, describing, evaluating, or studying the United States markets for Competing Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the ground that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "analyzing, describing, evaluating, or studying the United States markets for Competing Products" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 102**

All Documents analyzing, evaluating, or studying products that You consider to be substitutes for, or reasonably interchangeable with, NFL Cards, MLB Cards, and NBA Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "analyzing, evaluating, or studying products that You consider to be substitutes for, or reasonably interchangeable with, NFL Cards, MLB Cards, and NBA Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 103**

All Documents analyzing, evaluating, or studying actual or potential competitive threats (or lack thereof) to Your Sports Trading Card products distributed in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "analyzing, evaluating, or studying actual or potential competitive threats (or lack thereof) to Your Sports Trading Card products distributed in the United States" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "potential competitive threats."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 104**

All Documents relating to Your decision to enter into the market for Sports Trading Cards in the United States, including, but not limited to, Your decision to acquire an interest in GCP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your decision to enter into the market for Sports Trading Cards in the United States" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other requests, including Request No. 14.

86

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 105**

All Documents analyzing, evaluating, or studying any actual or potential effect on the prices or quality of Your Sports Trading Card products distributed in the United States due to actual or potential competition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "analyzing, evaluating, or studying any actual or potential effect on the prices or quality of Your Sports Trading Card products distributed in the United States due to actual or potential competition" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 106**

All Documents concerning any analysis, study, or evaluation of the competitive effects of the Exclusive License Agreements in the markets for Trading Cards, Sports Trading Cards, NFL Cards, MLB Cards, or NBA Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any analysis, study, or evaluation of the competitive effects of the Exclusive License Agreements in the markets for Trading Cards, Sports Trading Cards, NFL Cards, MLB Cards, or NBA Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 107**

All Documents concerning the impact of Your Exclusive License Agreements on the ability of other companies to enter the Relevant Market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the impact of Your Exclusive License Agreements on the ability of other companies to enter the Relevant Market" without regard to whether such Documents are relevant to any claim or defense in the litigation.

88

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 108**

Documents sufficient to identify Your practices and procedures for pricing each of Your Sports Trading Card products and Competing Products (by collection, brand, set, or sub-set) during the Relevant Period, including without limitation any formula, methodology, or policy for pricing Your products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks granular details about Fanatics' "practices and procedures for pricing" without regard to whether such details are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 109**

All Documents concerning any anticompetitive effects or concerns relating to Your Exclusive License Agreement, including, but not limited to, any internal analysis or external communications regarding potential antitrust issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any anticompetitive effects or concerns related to Your Exclusive License Agreement" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "concerns." Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 110**

All Documents concerning any procompetitive justifications or efficiencies resulting from Your Exclusive License Agreements, the Topps Acquisition, Your acquisition of an interest in GCP, Your exclusive Individual Athlete Agreements, or Your strategies for the distribution and sale of Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any procompetitive justifications or efficiencies resulting from Your Exclusive License Agreements, the Topps Acquisition, Your acquisition of an interest in GCP, Your exclusive Individual Athlete

90

Agreements, or Your strategies for the distribution and sale of Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request because it seeks discovery into a claim that has already been dismissed.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent those Documents do not relate solely to a Dismissed Claim.

## REQUEST FOR PRODUCTION NO. 111

All Documents and Communications discussing, analyzing, or relating to consumer demand for Sports Trading Cards produced without a license from both a professional sports league and that league's players association.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 111

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document and Communication relating to "consumer demand for Sports Trading Cards produced without a license from both a professional sports league and that league's players association" without regard whether such Documents are relevant to any claim or defense in the litigation.

91

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 112**

All Documents relating to Your provision of equity ownership in Fanatics to Major U.S. Professional Sports Leagues, Team Owners, professional Athletes, Players Associations, and OneTeam, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Requests Nos. 5, 17, 20, 23, 26, 29, 32, 35, 44, and 78. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your provision of equity ownership in Fanatics to Major U.S. Professional Sports Leagues, Team Owners, professional Athletes, Players Associations, and OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request

92

**REQUEST FOR PRODUCTION NO. 113**

All Documents relating to Your receipt of equity ownership in Major U.S. Professional Sports Leagues, Players Associations, and OneTeam, including, but not limited to, equity subscription agreements and equity exchanges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your receipt of equity ownership in Major U.S. Professional Sports Leagues, Players Associations, and OneTeam" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request

**REQUEST FOR PRODUCTION NO. 114**

All Documents relating to the receipt of equity ownership in Major U.S. Professional Sports Leagues or Players Associations by any individual or entity who holds a controlling interest in You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

93

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "the receipt of equity ownership in Major U.S. Professional Sports Leagues or Players Associations by any individual or entity who holds a controlling interest in You" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 115**

All Documents relating to Your control, voting rights, or other governance rights in Major U.S. Professional Sports Leagues or Players Associations, including any Documents concerning Fanatics' board seats or board observer rights on Major U.S. Professional Sports Leagues' boards of directors, Players Associations' boards of directors and executive committees, or OneTeam's board of directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your control, voting rights, or other governance rights in Major U.S. Professional Sports Leagues or Players Associations" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may

94

be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 116**

All Documents relating to control, voting rights, or other governance rights held by Major U.S. Professional Sports Leagues, Players Associations, or OneTeam in Fanatics, including any Documents concerning board seats or board observer rights on Fanatics's board of directors held by Major U.S. Professional Sports Leagues, Players Associations, or OneTeam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics object to this Request as duplicative of other requests, including Requests Nos. 38 and 81.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "control, voting rights, or other governance rights held by Major U.S. Professional Sports Leagues, Players Associations, or OneTeam in Fanatics" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

95

Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

## REQUEST FOR PRODUCTION NO. 117

Documents, including, but not limited to, organizational charts, sufficient to show GC Packaging's corporate structure and the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of GC Packaging that has any role—or has had any role—in the production and manufacturing of Sports Trading Cards.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 117

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Requests Nos. 1, 2, and 3. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks granular detail regarding "each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of GC Packaging that has any role—or has had any role—in the production and manufacturing of Sports Trading Cards" without regard to whether such detail is relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "division," "subdivision," "department," "unit," "affiliate," and "parent."

Subject to and without waiving its objections, Fanatics will produce organizational charts sufficient to show GCP's corporate and organizational structure.

## REQUEST FOR PRODUCTION NO. 118

Documents sufficient to show the percentage of any stock or other interests owned by each Fanatics entity in GC Packaging's corporate structure.

96

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this request as vague and ambiguous in its use of the undefined terms "other interests" and "corporate structure." Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics responds that it has already produced Documents sufficient to show its ownership interest in GCP. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 119**

Documents sufficient to show each GC Packaging employee or executive with managerial responsibilities for production and manufacturing related to Sports Trading Cards or Sports Trading Card Inputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this request as vague and ambiguous in its use of the undefined term "managerial responsibilities." Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks information regarding "each GC Packaging employee or executive with managerial responsibilities for production and manufacturing related to Sports Trading Cards or Sports Trading Card Inputs" without regard to whether such information is relevant to any claim or defense in the litigation.

97

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 120**

All Documents relating to Your business or strategic plans for manufacturing Sports Trading Cards with GC Packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your business or strategic plans for manufacturing Sports Trading Cards with GC Packaging" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 121**

All Documents relating to Your acquisition of a stake in GC Packaging, including, but not limited to, the negotiations, valuation, strategic rationale, and structure of the transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Your acquisition of a stake in GC Packaging" without regard

98

to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 47, 118, and 120. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce Documents sufficient to show the structure of the transaction and the strategic rationale of Fanatics' investment in GC Packaging.

## REQUEST FOR PRODUCTION NO. 122

All Communications between You and GC Packaging relating to Panini, including, but not limited to, Communications concerning GC Packaging's contractual obligations to Panini, GC Packaging's manufacturing capacity for Panini products, machines devoted to Panini's products, Panini's manufacturing requirements and schedules, GC Packaging's reduction of output for Panini, and delays of Panini product releases.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 122

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent that it seeks every Communication between Fanatics and GC Packaging "relating to Panini" without regard to whether such Communications are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as duplicative of other requests, including Requests Nos. 124 and 125. Fanatics further objects to this Request as vague and ambiguous in its reference to terms in a contractual relationship to which Fanatics was not a party.

99

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 123**

From 2021 through present, Documents sufficient to show GC Packaging's contractual obligations to You, GC Packaging's manufacturing capacity for Your products, machines devoted to Your products, and Your manufacturing requirements and schedules.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks granular details such as "machines devoted to Your Products" and "Your manufacturing requirements and schedules" over a four-year period.  Fanatics further objects to this Request as duplicative of other requests, including Request No. 120.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 124**

All Documents concerning Your knowledge of GC Packaging's contractual relationship with Panini before Your acquisition of a stake in GC Packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

100

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed.  Fanatics further objects to this Request as duplicative of other Requests, including Request No. 122.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document related to "Your knowledge of GC Packaging's contractual relationship with Panini" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

## REQUEST FOR PRODUCTION NO. 125

All Documents and Communications concerning Panini's contract with GC Packaging, including the change of control, confidentiality, property rights, and technical information provisions in that contract.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 125

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed.  Fanatics further objects to this Request as duplicative of other requests, including Requests Nos. 122 and 124.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document and Communication related to "Panini's contract with GC Packaging" without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

101

Fanatics further objects to this Request as vague and ambiguous in its reference to provisions in a contract to which Fanatics is not a party.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 126**

All Documents concerning any reduction in Panini's scheduled production by GC Packaging in November and December 2022, and at any time thereafter, including any analyses or Communications regarding the timing and extent of such reductions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document related to "any reduction in Panini's scheduled production by GC Packaging in November and December 2022, and at any time thereafter," without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians, to the extent any exist. (which Fanatics does not admit).

**REQUEST FOR PRODUCTION NO. 127**

All Documents and Communications concerning Your recruitment, solicitation, or hiring of any current or former Panini employees, including, but not limited to, recruitment strategies, compensation packages, Communications with such employees, and plans to use such employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Request No. 73. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document and communication concerning "You recruitment, solicitation, or hiring of any current or former Panini employees" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 128**

All Documents concerning Your knowledge of any non-disclosure agreements, non-solicitation provisions, or other contractual obligations between Panini and its current or former employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Request No. 127. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document related to "Your knowledge of any non-disclosure agreements, non-solicitation provisions, or other contractual obligations between Panini and its

current or former employees" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "other contractual obligations." Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 129**

All Documents concerning any statements made to current or former Panini employees regarding Fanatics's future plans for the Sports Trading Card industry or Panini's future prospects in the industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 73 and 127. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any statements made to current or former Panini employees regarding Fanatics' future plans for the Sports Trading Card industry or Panini's future prospects in the industry" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the

104

extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 130**

All Documents relating to Panini's employment agreements with former employees who were hired by You, including any analyses or discussions of the non-disclosure and non-solicitation provisions in those agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as duplicative of other requests, including Requests Nos. 127 and 128. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document relating to "Panini's employment agreements with former employees who were hired by You" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 131**

All Documents concerning or constituting any information, Documents, or trade secrets brought from Panini to You by former Panini employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as vague and ambiguous in its use of the undefined term "any information." Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document "concerning or constituting any information … brought to from Panini to You by former Panini employees" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that may be outside of Fanatics' possession, custody, or control.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 132**

Documents sufficient to show the roles, uses, and compensation of all former Panini employees hired by You from March 2023 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as vague and ambiguous in its use of the undefined phrase "uses" in this context. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overly broad and unduly burdensome,

106

including because it seeks details regarding the "roles, uses, and compensation of all former Panini employees" without regard to whether such details are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 133**

All Communications, including text messages, from former Panini employees hired by You relating to Panini or such employees' decisions to work for You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks discovery into a claim that has already been dismissed. Fanatics further objects to this Request as duplicative of other requests, including Requests Nos. 73, 127, and 129. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Communication "from former Panini employees hired by You relating to Panini or such employees' decisions to work for You" without regard to whether such Communications are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

107

**REQUEST FOR PRODUCTION NO. 134**

All Documents concerning complaints by consumers about Sports Trading Cards and other products manufactured, distributed, or sold by You or sold under the Fanatics brand, including, but not limited to, Sports Merchandise and uniforms for professional Athletes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "complaints by consumers about Sports Trading Cards and other products manufactured, distributed, or sold by You or sold under the Fanatics brand" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period related to MLB trading card products. Fanatics will not produce Documents related to any "other products manufactured, distributed, or sold by You or sold under the Fanatics brand."

**REQUEST FOR PRODUCTION NO. 135**

All Documents concerning complaints by professional sports leagues or professional sports player associations about the quality of Sports Trading Cards and other products manufactured, distributed, or sold by You or sold under the Fanatics brand, including, but not limited to, Sports Merchandise and uniforms for professional Athletes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "complaints by professional sports leagues or professional sports player associations about the quality of Sports Trading Cards and other products manufactured, distributed, or sold by You or sold under the Fanatics brand" without regard to whether such Dare relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period related to MLB trading card products. Fanatics will not produce Documents related to any "other products manufactured, distributed, or sold by You or sold under the Fanatics brand."

**REQUEST FOR PRODUCTION NO. 136**

All Documents concerning any manufacturing defects, errors, misprints, or other quality issues with Sports Trading Cards manufactured, distributed, or sold by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "manufacturing defects, errors, misprints, or other quality issues with Sports Trading cards manufactured, distributed, or sold by You" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request

109

as vague and ambiguous in its use of the undefined terms "errors," "misprints," and "quality issues."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period related to MLB trading card products.

**REQUEST FOR PRODUCTION NO. 137**

Any Communications, reviews, studies, reports, or analyses concerning actual or potential harm to consumers resulting from your acquisition of the Exclusive License Agreements, including, but not limited to, higher pricing, diminished consumer choice, diminished product quality, diminished output, and higher barriers to entry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery and/or to the extent it calls for a legal conclusion.  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 138**

All Documents concerning Your policies, procedures, and practices for addressing and responding to consumer complaints about Your Sports Trading Cards.

110

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "Your policies, procedures, and practices for addressing and responding to consumer complaints about Your Sports Trading Cards" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 139**

All Documents concerning any internal discussions, analyses, or reports regarding the quality of Your Sports Trading Cards compared to those of Your competitors, including, but not limited to, Panini and Topps (before the Topps Acquisition).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "any internal discussions, analyses, or reports regarding the quality of Your Sports Trading Cards compared to those of Your competitors" without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period related to MLB trading card products.

**REQUEST FOR PRODUCTION NO. 140**

All Documents and Communications related to reports, questions, complaints, or criticisms, whether formal or otherwise, related to Your Sports Trading Cards, Competing Products, customer service, or policies, including, but not limited to, complaints, questions, reports, or criticism concerning product quality, redemption fulfillment, customer service, innovation, or prices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other requests, including Requests Nos. 135, 136, and 138. Fanatics further objects to this Request as vague and ambiguous as it does not specify the source of the "questions, complaints, or criticisms" into which it is seeking discovery. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks every Document and communication "related to reports, questions, complaints, or criticisms . . . related to Your Sports Trading Cards, Competing Products, customer service, or policies" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as vague and ambiguous in its references to "policies" generally and "innovation."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 141**

All Documents concerning the investigation by KPMG into You supplying celebrities, Athletes, and others with loaded boxes—that is, boxes intentionally filled with certain, high-value

112

cards not inserted at random—that culminated in the Independent Accountants Report by KPMG dated April 26, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document concerning "the investigation by KPMG" without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "high-value cards." Fanatics further objects to this Request to the extent it seeks Documents outside of the Relevant Period.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 142**

All Documents and Communications discussing or relating to Your sale of (or refusal to sell) official player jerseys to Panini for use in Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks every Document and Communication relating to "Your sale of (or refusal to sell) official player jerseys to Panini for use in Sports Trading Cards" without regard whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as

113

vague and ambiguous in its use of the undefined term "official player jerseys." Fanatics further objects to this Request to the extent it seeks Communications already in Panini's possession, custody, or control.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

## REQUEST FOR PRODUCTION NO. 143

All Documents produced by You in response to the third-party subpoena issued to You by Panini in the American Arbitration Association matter between Panini and NFLPA, Case No. 01-23-0003-7163.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 143

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order. Fanatics further objects to this Request as duplicative of other requests.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 144**

The testimony of Your corporate representative, David Leiner, from the April 17, 2024 Preliminary Hearing in the American Arbitration Association matter between Panini and NFLPA, Case No. 01-23-0003-7163.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as it seeks confidential information that is subject to a protective order. Fanatics further objects to this Request as seeking information that is not relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 145**

All Documents produced in *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, Case No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., April 14, 2023).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order. Fanatics further objects to this Request as duplicative of other requests.

115

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests.  Fanatics is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 146**

All deposition and hearing transcripts, including exhibits, in *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, Case No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., April 14, 2023).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 147**

All pleadings, legal briefs, and correspondence in *National Football League Players Ass'n, et al. v. Fanatics SPV, LLC, et al.*, JAMS Ref. No. 5425003449.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense

in the litigation.  Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 148**

All deposition and hearing transcripts, including exhibits, in *National Football League Players Ass'n, et al. v. Fanatics SPV, LLC, et al.*, JAMS Ref. No. 5425003449.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 149**

All Documents produced in *National Football League Players Ass'n, et al. v. Fanatics SPV, LLC, et al.*, JAMS Ref. No. 5425003449.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense

117

in the litigation. Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order. Fanatics further objects to this Request as duplicative of other requests.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

## REQUEST FOR PRODUCTION NO. 150

All Documents produced in *Fanatics Collectibles AC, Inc. v. Harrison*, Index No. 652540 (N.Y. Sup. Ct., N.Y. Cnty., June 27, 2024).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 150

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation. Fanatics further objects to this Request as it seeks confidential information that is subject to a protective order. Fanatics further objects to this Request as duplicative of other requests.

Subject to and without waiving its objections, Fanatics will produce Documents in response to this Request solely to the extent it has agreed to produce those Documents in response to other Requests. Fanatics is otherwise willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 151

Any insurance policy that may be liable to satisfy any part of a judgment in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 151

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks private, confidential, or proprietary information without regard to whether such information is relevant to any claim or defense in the litigation.  Fanatics further objects to this Request as seeking information that is not relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period.

**REQUEST FOR PRODUCTION NO. 152**

All Documents and Communications related to any plan, guideline, or policy that You have developed or adopted to avoid violation of or comply with antitrust laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period.

**REQUEST FOR PRODUCTION NO. 153**

All Documents and Communications related to the preservation, deletion, destruction, loss, or alteration of Documents or information concerning Panini, this action, the Texas Litigation, or *Fanatics Collectibles Topco, Inc. v. Panini S.P.A.*, Case No. 1:23-cv-06895 (S.D.N.Y. Aug. 7, 2023) or the actual or potential recovery of deleted, destroyed, or altered Documents or information on such topics.

119

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request on the ground that it seeks Documents without regard to whether such Documents are relevant to any claim or defense in the litigation.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 154**

All Documents You may rely on at trial in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as premature, as full-scope discovery is only just beginning in this matter. Fanatics further objects to this Request as duplicative of many other requests.

Subject to and without waiving its objections, Fanatics will produce Documents responsive to this Request solely to the extent it has agreed to produce the same Documents in response to other Requests.

120

DATED: June 6, 2025

Respectfully submitted,


*/s/ Michael B. Carlinsky*

Michael B. Carlinsky
Kathryn D. Bonacorsi
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016


Derek L. Shaffer
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
1300 I Street NW, 9th Floor
Washington, DC 20005

*/s/ Lawrence E. Buterman*

Lawrence E. Buterman
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1264
lawrence.buterman@lw.com


Amanda P. Reeves (*pro hac vice*)
**Latham & Watkins LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004


Christopher S. Yates (*pro hac vice*)
**Latham & Watkins LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111