# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FANATICS COLLECTIBLES TOPCO, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> PANINI S.P.A., <br><br> *Defendant.* | **Case No. 1:23-cv-06895-LTS-VF** <br> **[Related to Case. No. 1:23-cv-09714-LTS-VF]** |

**FANATICS' RESPONSES AND OBJECTIONS TO DEFENDANT PANINI S.P.A.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Fanatics Collectibles Topco, Inc. (hereinafter, "Plaintiff" or "Fanatics Collectibles," and collectively with its affiliates, "Fanatics"), by its undersigned counsel, provides the following responses and objections to Defendant Panini S.p.A.'s ("Panini") First Set of Requests for Production of Documents, dated June 5, 2025 (the "Requests").

**GENERAL OBJECTIONS TO EACH REQUEST FOR PRODUCTION**

1. Fanatics objects to the Requests to the extent that they purport to impose upon Fanatics obligations beyond those imposed by any court order, the parties' stipulated ESI Protocol (ECF No. 103), the parties' stipulated Protective Order (ECF No. 104), the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York (collectively, the "Applicable Rules"), or any other applicable rule or law. Without waiver or limitation of any of the objections set forth below, Fanatics will construe the Requests consistently with the Applicable Rules.

2.       Fanatics objects to the Requests to the extent that they seek production of documents that are not in the possession, custody, or control of Fanatics.

3.       Fanatics objects to the Requests to the extent that they seek information or documents protected by any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption.  Inadvertent production of any information or documents which are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Fanatics to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings.  In the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, Panini will return the information and documents to Fanatics and will be precluded from disclosing or relying upon such information or documents in any way.

4.       Fanatics objects to the Requests to the extent that they call for the disclosure or production of information subject to confidentiality agreements with third parties and to the extent that they seek confidential, proprietary, or trade secret information of Fanatics or third parties. Fanatics further objects to the Requests to the extent that they seek the production of information, documents, or communications that reflect information that is subject to other protective orders, privacy laws and regulations, non-disclosure agreements, or other confidentiality undertakings.

5.       Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they are overly broad, disproportionate to the needs of the case, cumulative, vague, ambiguous, and/or seek documents or information neither relevant to the claims or defenses of any

2

party nor reasonably calculated to lead to the discovery of admissible evidence. By responding to the Requests, Fanatics does not concede that any Request or documents responsive thereto are relevant or material to the claims or defenses of any party or to the subject matter of *Fanatics Collectibles TopCo, Inc. v. Panini S.p.A.*, Case No. 1:23-cv-06895-LTS-VF (S.D.N.Y. 2023) (this "Action").

6.      Fanatics objects to the Requests to the extent that they seek documents from January 1, 2023 to "Present." Count 1 of Fanatics' Second Amended Complaint arises from tortious actions by Panini that occurred primarily in 2023. Unless otherwise specified, Fanatics will produce documents from the period of January 1, 2023 to January 26, 2024 (the "Relevant Period").

7.      Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they purport to require Fanatics to conduct anything beyond a reasonable and diligent search for readily accessible documents from readily available sources where responsive documents reasonably would be expected to be found.

8.      Fanatics objects to the Requests to the extent they are duplicative of one another or duplicative of other discovery requests that may have been served in this case.

9.      Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they draw legal conclusions, including in defining or describing requested documents. Fanatics objects to any and all assumptions and legal conclusions to the extent that they are included in or underlie any Request. Any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any legal conclusions stated in the Requests are accurate.

3

10. Fanatics objects to the Requests, including the Definitions and Instructions, to the extent that they improperly and prematurely seek discovery of expert opinions.

11. Fanatics objects to the Requests to the extent they seek documents that do not exist in the ordinary course of business. Fanatics will produce documents, if any, as and to the extent they exist in the ordinary course of business.

12. Any statement by Fanatics that it will meet and confer with Panini regarding its response to any Request remains subject to each of Fanatics' objections. Any undertaking to meet and confer regarding, or to search for or provide information in response to, any Request remains subject to the objections in this Response. If and to the extent Fanatics were to undertake a search for documents, such an undertaking is not intended, and shall not be construed, as an admission that any responsive documents exist.

13. Any statement by Fanatics that it will produce documents in response to a particular Request shall not be construed as a representation that Fanatics in fact has any documents or information responsive to that Request, or that such information exists, but rather, that Fanatics intends, subject to its objections, to conduct a reasonably diligent search for responsive information in its possession, custody, or control that may contain relevant information.

14. Fanatics' production of any requested document, notwithstanding the objectionable nature of any of the Requests themselves, is not: (i) a concession that the document is relevant to this proceeding; (ii) a waiver of Fanatics' General or Specific Objections to Requests set forth herein; or (iii) an agreement that requests for similar documents or information will be treated in a similar manner.

15. Fanatics' responses to the Requests are without waiver or limitation of its right to object to the use of any documents that Fanatics produces on grounds of competency, relevancy,

4

materiality, privilege, admissibility as evidence for any purpose, or any other ground, in any subsequent proceeding or hearing in, or the trial of, this Action or any other action. Each response is without prejudice to, or waiver of, any objection Fanatics may make to any future use of such documents. Fanatics likewise reserves the right to object to other discovery requests involving or relating to the subject matter of any document produced in response to these Requests.

16.      Fanatics reserves the right to assert additional objections to these Requests as appropriate and to modify, supplement, or otherwise change or amend its objections and responses as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. The information contained in Fanatics' responses and objections is also subject to correction for omissions or errors.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Fanatics objects to the Definitions to the extent they exceed the scope set forth in the Southern District of New York's Uniform Definitions in Discovery Requests, Local Civil Rule 26.3. Fanatics adopts in the responses herein the definitions specified in Local Civil Rule 26.3.

2.      Fanatics objects to the Definitions and Instructions of the Requests to the extent they seek to impose any obligations or requirements that contradict the stipulated ESI Protocol or Protective Order in this matter. In the event of a conflict, Fanatics will comply with the provisions of the ESI Protocol or Protective Order.

3.      Fanatics objects to the Definition of "Fanatics," "You," "Your," or "Yours" to the extent it includes each of Fanatics' "lines of business, brands, affiliates, subsidiaries, and related parties" and each of Fanatics' "past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures," on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome,

5

and seeks information that is neither relevant nor proportional to the needs of these proceedings. Fanatics will interpret "Fanatics," "You," "Your," or "Yours" to mean Fanatics Collectibles TopCo, Inc. and any of its direct affiliates and subsidiaries that are within Fanatics' collectibles business line.

4.    Fanatics objects to the Definition of "Job Posting" to the extent it includes "communications," "soliciting applications for employment," and "inviting applicants to apply" on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.

5.    Fanatics objects to the Definition of "Person" to the extent that it seeks to expand upon the definition provided in Local Rule 26.3(c)(6).

6.    Fanatics objects to the Definition of "Sports Trading Cards" as vague and ambiguous to the extent it is limited to "cards featuring the name, image, and likeness of athletes" and excludes, for instance, cards featuring stadiums, trophies, managers, and mascots.

7.    Fanatics objects to the Definition of "Sports Trading Cards Job Market" to the extent it includes the "market for employment in the United States by an employer that produces Sports Trading Cards for the consumer market" on the grounds that such a construction is vague and ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of these proceedings.  Fanatics further objects to the Definition of "Sports Trading Cards Job Market" as vague and ambiguous, overly broad, and unduly burdensome on the grounds that it relies on the Definition of "Sports Trading Cards," to which Fanatics also objects.

8.      Fanatics objects to Paragraph 16 of the Definitions to the extent it seeks to impose obligations beyond the scope of the Applicable Rules or conflicts with any of Fanatics' objections to terms herein.

9.      Fanatics objects to Instruction No. 6 as overly broad and unduly burdensome to the extent it purports to impose on Fanatics an obligation to produce "[a]ny alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of" a responsive document.  Fanatics also objects to this Instruction to the extent that it requires Fanatics to produce documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other privileges or immunities.  Fanatics is willing to meet and confer regarding appropriate technical specifications for any productions.

10.     Fanatics objects to Instruction No. 10 as unduly burdensome to the extent it purports to impose on Fanatics an obligation to produce documents that are equally accessible to Panini, and to the extent it purports to require Fanatics to produce "all" copies of a document.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

For each year of the Relevant Time Period, Documents sufficient to show the names, titles, and responsibilities of all of Your employees, executives, and external consultants or contractors with responsibilities related to recruiting, human resources, benefits administration, or other efforts to identify, attract, recruit, or retain employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

7

Fanatics objects to this Request as duplicative to the extent it seeks organizational charts that Fanatics already produced to Panini. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents without regard to whether such Documents are relevant to any claim or defense in this Action. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "responsibilities," "efforts," "attract," "recruit," and "retain."

Subject to and without waiving its objections, Fanatics responds that it has already produced organizational charts reflecting its relevant human resources and recruiting personnel from the Relevant Period. Fanatics is willing to meet and confer regarding what, if any, additional Documents Panini seeks through this Request.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications relating to the actual, projected, or targeted size, composition, organization, and structure of Your workforce, including, but not limited to, related financial models, and economic analyses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications related to the "size, composition, organization, and structure" of Fanatics' workforce without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

8

**REQUEST FOR PRODUCTION NO. 3**

For each month of the Relevant Time Period, Documents sufficient to show the job titles, roles, responsibilities, and total number of vacant jobs or positions at Fanatics related to manufacturing, producing, marketing, pricing, selling, or distributing Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 4 and 8.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents on a monthly basis sufficient to show all "job titles, roles, responsibilities, and … vacant jobs or positions" across Fanatics' collectibles business.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period, to the extent such Documents exist in the ordinary course of business and are identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications identifying or concerning Your job openings and the length of time each position was open during the Relevant Time Period, including, but not limited to, those job openings referenced in paragraph 147 of Your Second Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 3 and 8.  Fanatics further objects to this Request as overly broad and unduly burdensome, including

9

because it seeks Documents and Communications without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications relating to Your policies, procedures, practices, strategies, and efforts to identify, attract, solicit, recruit, hire, or retain actual or potential Fanatics employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 6, 9, 14, and 15. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks "All Documents and Communications relating to [Fanatics'] . . . efforts to identify, attract, solicit, recruit, hire, or retain" any "actual or potential Fanatics employee[]" without regard to whether such Documents and Communications are relevant to any claim or defense in this Action. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "practices," "strategies," "efforts," "attract," and "solicit."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents relating to its strategies and efforts to recruit or hire employees from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

10

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications concerning Your identification, recruitment, solicitation, hiring, and retention of any Person for employment involving or related to manufacturing, producing, marketing, pricing, selling, or distributing Sports Trading Cards, including, but not limited to, recruitment strategies, compensation and benefits packages, Communications with such Person, and plans to use such Person as an employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 5, 9, 14, and 15. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks "All Documents and Communications concerning [Fanatics'] identification, recruitment, solicitation, hiring, and retention of *any* Person for employment involving or related to manufacturing, producing, marketing, pricing, selling, or distributing Sports Trading Cards," without regard to whether such Documents and Communications are relevant to any claim or defense in this Action. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms including "solicitation," "strategies," and "plans."

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications concerning any strategies, plans, rationales, or efforts to recruit, employ, and retain current or former Panini employees.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 15 and 16.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks "All Documents and Communications concerning any strategies, plans," and "rationales" to "recruit, employ, and retain current or former Panini employees" without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.  Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "strategies," "plans," "rationales," and "efforts."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications reflecting or relating to Job Postings and announcements of Your presence at recruiting events, and all drafts of such Documents and Communications, including, but not limited to, Documents showing where—whether a physical or online location—and for how long each of Your Job Postings was available to be viewed by potential job candidates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Request No. 4. Fanatics further objects to this Request as overly broad and unduly burdensome, including because

12

it seeks "all drafts" of "All Documents and Communications reflecting or relating to Job Postings and announcements of Your presence at recruiting events," without regard to whether such Documents and Communications are relevant to any claim or defense in this Action. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined term "recruiting events."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents concerning its job postings or announcements of its presence at recruiting events from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications relating to Your practices and procedures for determining compensation and benefits packages for Your employees, including without limitation any formula, methodology, or policy for such determinations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 10 and 13. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications concerning all Fanatics employees without regard to whether such Documents are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

13

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications regarding Your policies or programs, or offerings of compensation, employment benefits, or employee equity, compared to those of Your competitors, including, but not limited to, Panini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 9, 14, and 15. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications without regard to whether such Documents and Communications are relevant to any claim or defense in this Action. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "policies or programs," "offerings of compensation," and "Your competitors."

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to show the roles, responsibilities, and compensation—including any employee equity—of all employees hired by You during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

14

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents concerning "all employees hired" during the Relevant Period without regard to whether such Documents are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 12

All Documents and Communications concerning the job performance of any current or former Panini employee hired by You during the Relevant Time Period, including, but not limited to, performance reviews, evaluations, job assessments, and Documents relating to any meeting or other Communication in which You discussed such job performance.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks all Documents and Communications concerning "job performance" without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Fanatics will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 13

Documents and Communications regarding any decision by You to increase or decrease former Panini employees' compensation during the Relevant Time Period, including, but not limited to, salary, bonus, equity, or benefits.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 9 and 11. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications regarding any "increase or decrease [of] former Panini employees' compensation" without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Fanatics will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications concerning any offers of employment or negotiations of employment terms between You and any Person hired during the Relevant Time Period, including but not limited to, offer letters, employment agreements, non-disclosure, non-solicitation, or non-competition agreements, and any other employment-related agreements or restrictive covenants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 5, 6, 7, and 10. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks all Documents and

16

Communications concerning any Person hired during the Relevant Period without regard to whether such Documents are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 15**

All Communications with current or former Panini employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as duplicative of other Requests, including Requests Nos. 5, 6, 7, 10, 14, and 16. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks "All Communications with current or former Panini employees," without regard to whether such Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, to the extent not produced in response to other Requests, Fanatics will produce non-privileged Communications with current Panini employees related to potential employment at Fanatics from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications relating to Panini's employment agreements with current or former employees who were hired by You, including any analyses or discussions of any non-disclosure or non-solicitation provisions in those agreements.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 7, 14, and 15. Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17**

All Documents and Communications identifying or concerning the current or former Panini employees You made an effort or attempt to solicit or otherwise recruit to be employed at Fanatics but who were not hired by Fanatics during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications without regard to whether they are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

18

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications about Panini's business, financial condition, or future prospects, including, but not limited to, any statements made to current or former Panini employees regarding Fanatics's future plans for the Sports Trading Card industry or Panini's future prospects in the industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks all "Documents and Communications about Panini's business, financial condition, or future prospects" without regard to whether such Documents and Communications are relevant to any claim or defense in this Action. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "business," "financial condition," "future prospects," and "future plans."

Subject to and without waiving its objections, Fanatics will produce documents in response to this Request to the extent they are responsive to other Requests for which Fanatics has agreed to produce documents.

**REQUEST FOR PRODUCTION NO. 19**

All Documents reflecting, referring to, or relating to statements, representations, or Communications made to current or former Panini employees suggesting or stating that such current or former employees would not be able to secure employment in the Sports Trading Cards Job Market in the future if they did not agree to be employed by Fanatics or if they continued to be employed by Panini.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action.  Fanatics further objects to this Request as duplicative of other Requests, including Request No. 18.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications without regard to whether they are relevant to any claim or defense in this Action.

Fanatics will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications relating to the termination, resignation, retirement, or other loss of employment by any of Your employees with responsibilities related to manufacturing, producing, marketing, pricing, selling, or distributing Sports Trading Cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications concerning employees' "termination, resignation, retirement, or other loss of employment" without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

20

**REQUEST FOR PRODUCTION NO. 21**

All Documents concerning or constituting any information, Documents, or trade secrets brought from Panini to You by current or former Panini employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics further objects to this Request to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms "any information" and "trade secrets." Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications relating to You determining, studying, or otherwise confirming or attempting to confirm whether any information, Documents, or trade secrets had been brought from Panini to You by current or former Panini employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action. Fanatics objects to this Request to the extent it calls for a legal conclusion. Fanatics further objects to this Request as overly broad and unduly burdensome. Fanatics further objects to this Request as vague and ambiguous in its use of the undefined terms

21

"any information" and "trade secrets."  Fanatics further objects to this Request to the extent that it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine.

Fanatics will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23**

All Documents and Communications related to Employee Complaints by current Fanatics employees, former Fanatics employees, current Panini employees, or former Panini employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request because it seeks documents that have no relevance to any claim or defense in this Action.  Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications concerning "Employee Complaints" by any current or former Fanatics or Panini employees without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Fanatics will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24**

All Documents and Communications that support Your claims of harm or damage done to You as the result of Panini's action or inaction, including, but not limited to, those alleged in paragraphs 148, 157, and 158 of Your Second Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery. Fanatics objects to this Request as premature, as full merits discovery is just beginning in this

22

matter. Fanatics further objects to this Request to the extent that it seeks Documents and Communications protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 25**

All Documents and Communications that support, contradict, or otherwise relate to the allegation that Panini threatened, retaliated against, intimidated, or otherwise deterred or attempted to deter its employees from working for Fanatics, including, but not limited to, all Documents and Communications relating to any harm or damage that Fanatics contends it suffered as a result of Panini's conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request on the grounds that it seeks premature expert discovery. Fanatics objects to this Request as premature, as full merits discovery is just beginning in this matter. Fanatics further objects to this Request to the extent that it seeks Documents and Communications protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as duplicative of other Requests, including Request No. 24.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

23

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications that support, contradict, or otherwise relate to the allegation in paragraph 158 of Your Second Amended Complaint "that many other employees of Panini America would have joined Fanatics Collectibles but for Panini's vindictive litigation and litigation threats."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as premature, as full merits discovery is just beginning in this matter. Fanatics further objects to this Request as duplicative of other Requests, including Requests Nos. 24 and 25.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

**REQUEST FOR PRODUCTION NO. 27**

All Documents and Communications that support, contradict, refer to, or relate to the allegations in paragraph 148 of the Second Amended Complaint concerning statements by D.J. Kazmierczak, including, but not limited to, all Documents and Communications relating to any harm or damage that Fanatics contends it suffered as a result of such statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as premature, as full merits discovery is just beginning in this matter.  Fanatics further objects to this Request as duplicative of other Requests, including Request No. 24.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents responsive to this Request from the Relevant Period identified through reasonable discovery parameters, including appropriate limitations on search terms and custodians.

## REQUEST FOR PRODUCTION NO. 28

All Documents You produced in *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, Case No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., April 14, 2023).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks all Documents produced in a separate matter without regard to whether such Documents are relevant to any claim or defense in this Action.  Fanatics further objects to this Request to the extent it seeks Documents already in Panini's possession, custody, or control.  Fanatics further objects to this Request to the extent it seeks documents designated confidential under a protective order entered by another court.

Subject to and without waiving its objections, Fanatics will produce documents in response to this Request to the extent they are responsive to other Requests for which Fanatics has agreed to produce documents.

**REQUEST FOR PRODUCTION NO. 29**

All deposition and hearing transcripts, including exhibits, in *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, Case No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., April 14, 2023).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as overly broad and unduly burdensome, including because it seeks all transcripts and exhibits produced in a separate matter without regard to whether such documents are relevant to any claim or defense in this Action.  Fanatics further objects to this Request to the extent it seeks Documents already in Panini's possession, custody, or control. Fanatics further objects to this Request to the extent it seeks documents designated confidential under a protective order entered by another court.

Subject to and without waiving its objections, Fanatics will produce documents in response to this Request to the extent they are responsive to other Requests for which Fanatics has agreed to produce documents.

**REQUEST FOR PRODUCTION NO. 30**

All Documents and Communications related to the preservation, deletion, destruction, loss, or alteration of Documents or information concerning Panini; this action; *Panini America, Inc. v. Fanatics, Inc et al*, Docket No. 1:23-cv-09714 (S.D.N.Y. Nov 03, 2023); *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, Case No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., April 14, 2023); or *Panini America, Inc. v. Robert Springs, II, and Keith Hower*, No. DC-25-05205 (Tex. Dist. Ct., Dallas 6 Co.).

26

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 31**

All Your Communications relating to or concerning *Panini America, Inc. v. Robert Springs, II, and Keith Hower*, No. DC-25-05205 (Tex. Dist. Ct., Dallas 6 Co.); *Dulce Huerta v. Panini America, Inc.*, No. 3:23-cv-02529-K (N.D. Tex.); *Nora Vargas v. Panini America, Inc.*, No. 3:23-cv-02689-B (N.D. Tex.); *La Shanda Woods v. Panini America, Inc.*, No. 3:23-cv-02690-X (N.D. Tex.); and *Derrick Pickett v. Panini America, Inc.*, No. 3:23-cv-02691-N (N.D. Tex.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks Documents protected by the attorney-client privilege or the attorney work-product doctrine. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks "All … Communications" concerning numerous other litigations without regard to whether such Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics is willing to meet and confer regarding the Request.

**REQUEST FOR PRODUCTION NO. 32**

Documents and Communications that any third party produced or otherwise provided to You related to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request to the extent it seeks third-party confidential and/or proprietary information that is or may be subject to restrictions of confidentiality. Fanatics further objects to this Request as overly broad and unduly burdensome, including because it seeks Documents and Communications without regard to whether such Documents and Communications are relevant to any claim or defense in this Action.

Subject to and without waiving its objections, Fanatics will produce non-privileged Documents that any third party produced by subpoena to Fanatics in connection with this Action to the extent those Documents have not already been produced to Panini.

**REQUEST FOR PRODUCTION NO. 33**

All Documents You may rely on at trial in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Fanatics incorporates by reference each of its General Objections and Objections to Definitions and Instructions.

Fanatics objects to this Request as premature, overly broad, and unduly burdensome, as full merits discovery is only just beginning in this matter. Fanatics further objects to this Request as duplicative of many other Requests.

28

Subject to and without waiving its objections, Fanatics will produce documents responsive to this Request to the extent it has agreed to produce the same documents in response to other Requests.

DATED: July 14, 2025

*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Kathryn D. Bonacorsi
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
295 Fifth Avenue
New York, NY 10016

Derek L. Shaffer
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street NW, 9th Floor
Washington, DC 20005