August 15, 2025

**Via ECF**

The Honorable Valerie Figueredo
United States District Court Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **Re:** *Panini America, Inc. v. Fanatics, Inc. et al.*, Case No. 1:23-cv-09714-LTS (S.D.N.Y. 2023); *Fanatics Collectibles TopCo, Inc. v. Panini S.p.A.*, Case No. 1:23-cv-06895-LTS-VF (S.D.N.Y. 2023)

Dear Judge Figueredo:

The parties make this submission pursuant to the Court's order at the August 11 conference to meet and confer to decide on a proposal for the resolution of discovery disputes moving forward. The parties met and conferred on August 12 and have agreed on all aspects of the proposal except one: the parties disagree on the appropriate frequency of discovery conferences with the Court.

The parties' proposal is outlined below for the Court's consideration. The parties' respective positions on the appropriate frequency of Court conferences are set forth in Section I.B.

**I.     Raising Discovery Disputes with the Court**

    **A.  Process for Identifying and Resolving Discovery Disputes**

The parties agree on the following process for the resolution of discovery disputes:

- Each party seeking discovery will identify any issues it intends to raise at the next discovery conference at least two weeks before the conference.
- All issues that have been identified and are not resolved in the following week will be treated as ripe for consideration at the next conference, absent agreement otherwise.
    - The parties may also agree to raise time-sensitive issues that could not practically have been raised by the two-week deadline.
- The moving party will file a written submission with the Court limited to 5 single-spaced pages 7 days before the discovery conference.
- The opposing party will file a written response limited to 5 single-spaced pages 4 days before the discovery conference.

The parties further agree that discovery conferences in this matter should be in person with the ability for a party or specific attorney to request permission to appear telephonically. Any person attending telephonically—whether counsel or a party representative—is required to announce their attendance, to ensure appropriate protection of confidential information.

### B. Frequency of Court Conferences

The parties agree that Court conferences can be helpful to address discovery disputes but disagree on the appropriate frequency of such conferences.

1. Panini's Position

Panini proposes that discovery conferences be held monthly to ensure the timely resolution of discovery disputes and meet the February 20 substantial completion deadline. Given the complexity of this matter and the substantial document productions required from both parties, discovery disputes must be resolved expeditiously to prevent cascading delays that could jeopardize compliance with Court-ordered deadlines. Monthly conferences are particularly critical during this foundational phase of discovery, where the parties are defining the scope of custodians and search terms—threshold determinations that will govern all subsequent discovery efforts. Under Fanatics' proposed bi-monthly schedule, the next conference would not occur until October, meaning that any pending disputes over individual requests as well as any disputes arising from the custodian negotiations (due August 29) and search term negotiations (due September 30) would remain unresolved for weeks, creating a bottleneck that could substantially impair the parties' ability to commence meaningful document production by the October 30 target date. By contrast, a standing monthly conference allows the parties to raise any ripe disputes on a predictable timetable, obtain swift guidance from the Court, and then redirect their resources to the substantive work of discovery. While monthly conferences require a time investment from the parties and the Court, this structured approach will ultimately promote efficiency by ensuring that disputes are addressed before they can delay the broader discovery process.

2. Fanatics' Position

Court conferences every **8 weeks** will ensure that discovery continues to move forward efficiently, while allowing the parties a meaningful opportunity to negotiate and reach compromises. Fact discovery does not close for 10 months. The parties have been working cooperatively to negotiate time periods, product scope, custodians, and many other issues related to the scope of document discovery. Panini's request for conferences every 4 weeks will do nothing but slow down the process. Under Panini's proposal, the parties would be constantly preparing for disputes to be heard by the Court, rather than taking the time to reach agreement among themselves. Panini proposes that *practically every week* the parties would meet (2 weeks before every conference, if not more), file a motion or opposition with the Court (7 days and 4 days

2

prior to every conference, respectively), or appear in Court for a conference (every 4 weeks). That leaves little (if any) time to meaningfully consider each other's positions, discuss them internally and with clients, and propose reasonable compromises. The Court has already rejected Panini's efforts to rush disputes to the Court prematurely. *See* Case No. 1:23-cv-06895-LTS-VF, ECF No. 136 (directing the parties to continue meeting and conferring on 4 of 6 issues). Panini's request for even more frequent conferences will only exacerbate the problem and improperly put the burden on the Court—instead of the parties—to work out discovery disputes in the first instance. *See* Aug. 11, 2025 Hr'g Tr. at 66:2-5 (recognizing that "submit[ting] the joint letters and hav[ing] the conferences may be causing more problems than it is helping"). The Court should hold a discovery conference every 8 weeks, as needed.

## II. Negotiation of Custodians

The parties have agreed on the following schedule for the exchange and negotiation of custodians.

- **August 15** – Parties exchange proposed additions and modifications to the other party's proposed custodians.
- **On or before August 20** – Parties meet and confer.
- **August 22** – Parties respond to each other's proposed additions and modifications.
- **Week of August 25** – Parties meet and confer.
- **August 29** – Parties finalize custodian negotiations. If the parties do not reach an agreement by this date, any outstanding custodian disputes will be ripe for the Court's consideration, absent agreement otherwise.

## III. Negotiation of Search Terms

The parties have agreed on the following schedule for the negotiation of search terms.

- **September 8** – Parties exchange proposed search terms and hit reports for their own productions. Hit count reports will specify the sources across which searches were run (*e.g.*, emails, text messages, shared drives, hard drives, etc.)
- **September 15** – Parties exchange proposed edits to each other's search terms.
- **September 19** – Parties provide initial hit reports for proposed edits to each other's search terms as soon as practical and no later than September 19.
- **September 19 – 30**
  - Parties commit to meet and confer and exchange hit counts as needed to refine terms and reach agreement.
  - Requests for updated hit counts should be responded to as soon as practical.

- **September 30** – Parties finalize search terms. If the parties do not reach an agreement by this date, any outstanding search term disputes will be ripe for the Court's consideration, absent agreement otherwise.

## IV.     Initial Rolling Productions

The parties have agreed that initial rolling productions should begin no later than October 30.

Respectfully submitted,

| | |
|---|---|
| */s/* David Boies | */s/* Lawrence E. Buterman |
| David Boies | Lawrence E. Buterman |
| | |
| */s/* Stuart Singer | */s/* Michael B. Carlinsky |
| Stuart Singer | Michael B. Carlinsky |
| | |
| *Counsel for Panini* | *Counsel for Fanatics* |