UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PANINI AMERICA, INC.,

                        Plaintiff,        **23-cv-9714 (LTS) (VF)**
                                        **23-cv-6895 (LTS) (VF)**

      -against-

FANATICS, INC. et al,                                   **ORDER**

                       Defendants.
------------------------------------------------------------------X
FANATICS COLLECTIBLES TOPCO, INC.,

                       Plaintiff,

     -against-

PANINI S.P.A.,

                       Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      At ECF No. 207 in Case No. 23-CV-9714, Panini sought to compel Fanatics to add twelve ESI custodians. Fanatics opposed the request, arguing that Panini has not demonstrated that Fanatics' proposed list of twelve custodians is manifestly unreasonable. ECF No. 213. The Court held a conference to address the dispute on November 7, 2025. For the reasons explained below, Panini's letter motion is GRANTED but only as to three custodians on Panini's proposed list: Omar Wilkes, Elizabeth Galaviz, and Brian Bayne. As to those three individuals, Fanatics is hereby directed to add them as custodians.

      Generally, "[a]bsent agreement among the parties," a responding party "is entitled to select the custodians most likely to possess responsive information and to search the files of those individuals," and "the court should play no role" in designating custodians unless the

choice by the responding party "is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient." Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., 15-CV-293 (LTS) (JCF), 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017); see also City of Providence, Rhode Island v. BATS Global Markets, Inc., 14-CV-2811 (JMF), 2020 WL 14051318, at *1 (S.D.N.Y. May 6, 2020). "[T]he requesting party generally bears the burden of showing the relevance of the documents sought, while the resisting party bears the burden of justifying limiting discovery of relevant documents." Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., 297 F.R.D. 99, 107 (S.D.N.Y. 2013).

Panini argues that searching the files of the twelve disputed custodians is reasonably calculated to lead to unique, relevant evidence. See ECF No. 207 at 2-4. Five of the individuals sought by Panini were identified by Fanatics in its Rule 26 initial disclosures. See Tr. at 10-12. However, identification by a responding party in initial disclosures is not by itself sufficient to show that an individual will have unique, relevant, and noncumulative evidence. See, e.g., Coventry Capital US LLC v. EEA Life Settlements, Inc., 17-CV-7417 (VM), 2021 WL 961750, at *1-2 (S.D.N.Y. Mar. 15, 2021) (rejecting argument that "when an individual is identified on a party's Rule 26(a)(1) disclosures, the opposing party must always be permitted to obtain documents from that person"). Additionally, as to the five individuals identified in Fanatics' initial disclosures (Gordon, Cherian, Yoo, Luraschi, and Boyce), Fanatics has agreed to search and collect the files of other custodians that they contend will capture the relevant e-mails and other documents from these five individuals. Given the very limited number of documents exchanged thus far, it is not readily apparent that these five disputed custodians will have unique, relevant documents not captured by Fanatics' proposed custodians.

Of the twelve custodians it proposes, Panini has demonstrated that Omar Wilkes, Elizabeth Galaviz, and Brian Bayne are reasonably likely to have unique, relevant evidence that will not be captured by Fanatics' proposed custodians. As discussed at the conference, Panini has already received documents from Wilkes where he is the only individual copied on the communications. Tr. at 8, 24, 28; see also ECF No. 207 at 3. Additionally, Bayne and Galaviz are both former Panini employees likely to have unique, relevant information regarding Panini's allegation that Fanatics raided employees and trade secrets, as well as communications relating to athlete deals which would be relevant to Panini's allegations concerning athlete lockups. Tr. at 27-29; see also ECF No. 207 at 4.

**SO ORDERED.**

DATED:    New York, New York
          November 13, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge