UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PANINI AMERICA, INC.,

                              Plaintiff,                    **23-cv-9714 (LTS) (VF)**
                                                                **23-cv-6895 (LTS) (VF)**

        -against-

FANATICS, INC. et al,                                     **ORDER**

                               Defendants.
-----------------------------------------------------------------X
FANATICS COLLECTIBLES TOPCO, INC.,

                              Plaintiff,

        -against-

PANINI S.P.A.,

                              Defendant.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      At ECF No. 233 in Case No. 23-CV-9714, Panini seeks to compel Fanatics to provide in response to Document Request Nos. 54 and 56 the disclosure of athlete identities. Fanatics opposed the request. <u>See</u> ECF No. 235. This issue was raised during the conference on October 9, 2025, and it was discussed again during the conference on November 20, 2025. For the reasons stated herein, Panini's letter motion is **GRANTED**.

      Panini alleges in its Amended Complaint that Fanatics signed several NFL and NBA rookie players to lucrative deals for their autographs, and Fanatics offered these players large sums of money in order to prevent Panini from having their autographs on trading cards during the early years in their careers, when their trading cards generally are more desirable to consumers. <u>See, e.g.</u>, Am. Compl. at ¶¶ 165, 167-169, 232. Panini has demonstrated that the

identity of the individual athletes is relevant to their claims in this case. See <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978) (explaining that relevance under Federal Rule of Civil Procedure 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). In particular, one allegation of anticompetitive conduct by Panini is that Fanatics paid large sums of money to these star athletes in order to prevent them from going to Panini. But individual athletes are not interchangeable, and whether the deals with these athletes made economic sense requires knowing the identity of those athletes.

  Having established relevance, Fanatics had the burden to show that the discovery sought was unduly burdensome. <u>Hicks v. Leslie Feely Fine Art, LLC</u>, 2021 WL 3617208, at *3 (S.D.N.Y. Aug. 13, 2021) (explaining that Rule 26 seeks to strike a "proper balance between the need for evidence, and the avoidance of an undue burden and expense") (citations omitted). Fanatics has not met its burden. <u>Eletson Holdings Inc. v. Levona Holdings Ltd.</u>, 2025 WL 1314239, at *2 (S.D.N.Y. May 6, 2025) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence."). Fanatics argues generally that its agreements with the individual athletes have notice and confidentiality provisions and it would be immensely burdensome to comply with those obligations. But Fanatics has not made a concrete showing of burden. It is not clear what type of notice is required (whether such notice can be fulfilled with an e-mail or phone call), who has to receive the notice (can it be made to an athlete's agent or must multiple individuals be notified), is the obligation fulfilled once notice has been delivered or must Fanatics wait to obtain the athlete's response, and is any confidentiality obligation satisfied when an athlete does not respond to the notice within a certain period of time. In short, Fanatics relies only on

unsupported assertions of burden which are insufficient to prevent discovery of relevant evidence. Eletson Holdings Inc., 2025 WL 1314239, at *2 (stating that a "conclusory assertion of burdensomeness is entitled to no weight whatsoever") (citation omitted).

Finally, to the extent there is a concern about confidentiality, the identity of the athletes may be provided under the protective order with an Attorneys-Eyes Only designation.

**SO ORDERED.**

DATED:   New York, New York
         November 20, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge