**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FANATICS COLLECTIBLES TOPCO, INC.,

    Plaintiff,

v.

PANINI S.P.A.,

    Defendant.

                                              /

Case No. 1:23-cv-06895-JHR
[rel: Case No. 1:23-cv-09714-JHR]

**DEFENDANT PANINI S.P.A.'S ANSWER**
**TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Panini S.p.A. ("Panini"),[1] by and through undersigned counsel, hereby submits its Answer to Fanatics Collectibles Topco, Inc.'s ("Fanatics") Second Amended Complaint, which contains a single surviving claim for tortious interference with prospective business relations related to employee hiring. That claim is all that remains after this Court's March 31, 2026 decision dismissing Counts 2 and 3 with prejudice.

Fanatics' pleading is notable not for what it alleges against Panini, but for what it devotes the vast majority of its pages to: an extended advocacy piece setting forth Fanatics' preferred narrative on the issues in the antitrust litigation that Panini America has brought against Fanatics in this District—a case concerning Fanatics' unlawful long-term exclusive deals and its monopolization and attempted monopolization of the U.S. professional sports trading card market through a series

---

[1] Certain allegations in Fanatics' Second Amended Complaint conflate the actions of Panini America, Inc.—a subsidiary of Panini S.p.A.—with Panini S.p.A.'s. Where Panini S.p.A.'s Answer refers to Panini S.p.A., Panini S.p.A. uses the term "Panini," and where Panini S.p.A.'s Answer refers to Panini America, Inc., Panini S.p.A. uses the term "Panini America".

1

of anticompetitive acts. Panini America's claims under the Sherman Act and Clayton Act, as well as related state law claims, are proceeding following the Court's March 10, 2025 decision on Fanatics' motion to dismiss. *See Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-JHR (S.D.N.Y. Aug. 7, 2023) (the "Antitrust Lawsuit"), ECF No. 164. The Second Amended Complaint spends dozens of paragraphs attempting to advance Fanatics' arguments on the antitrust issues in that case—without any connection to the claims actually at issue here. These argumentative passages serve no legitimate pleading purpose and appear designed to place Fanatics' preferred characterizations of the antitrust dispute into a public filing.

Panini will answer the allegations that bear on the single narrow remaining claim. As for the many paragraphs devoted to Fanatics' characterizations of the antitrust dispute—including its views on relevant markets, the nature of competition, and the propriety of exclusive licensing—Panini denies those allegations and notes that they are irrelevant to any issue properly before the Court in this action.

Any allegations that Panini does not explicitly admit are denied. Panini reserves the right to amend and/or supplement this Answer at a later stage of the proceedings. In response to the specific allegations in the Second Amended Complaint, Panini states as follows:

### INTRODUCTION[2]

1.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America is a competitor of Fanatics Collectibles. Panini otherwise denies the allegations and characterizations in Paragraph 1.

---

[2] Fanatics' Second Amended Complaint includes argumentative subheadings and footnotes to which no response is required. To the extent a response is required, Panini denies all allegations set forth in any subheadings and footnotes.

2.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that in 2021, various professional players' associations and leagues entered into license agreements with Fanatics for collectible trading cards. Panini otherwise denies the allegations and characterizations in Paragraph 2.

3.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini and Panini America held exclusive licenses for sports and entertainment collectible cards in the United States and internationally. Panini affirmatively states that it earned its licensing relationships through competitive bidding processes and demonstrated performance over many years. To the extent Paragraph 3 quotes or references documents, those documents speak for themselves. Panini otherwise denies the allegations and characterizations in Paragraph 3.

4.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 4.

5.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 5.

6.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that several players' associations and leagues have licensed their intellectual property to Fanatics Collectibles on long-term exclusive basis. Panini otherwise denies the allegations and characterizations in Paragraph 6 as phrased.

7.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 7.

8.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 8.

9.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 9.

10.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits it no longer holds various major licenses. Panini otherwise denies the allegations and characterizations in Paragraph 10.

11.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 11.

12.     **RESPONSE**: Panini admits that Panini America initiated a lawsuit against certain former employees who left Panini America to work at Fanatics Collectibles, bringing Panini America's confidential information and trade secrets with them. *See Panini Am. v. Matijevich*, No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., Apr. 14, 2023) (the "Texas Lawsuit"). Panini refers the Court to the pleadings in that lawsuit for their full content, meaning and legal import. Panini otherwise denies the allegations in Paragraph 12.

13.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that it engaged in discussions with

Fanatics concerning the early termination of certain licenses belonging to Panini America. Panini otherwise denies the allegations in Paragraph 13.

14.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 14.

15.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 15.

16.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 16.

17.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit against Fanatics, and refers the Court to the pleadings in that lawsuit for their full content, meaning and legal import. *See generally* Antitrust Lawsuit, ECF No. 69. Panini otherwise denies the allegations and characterizations in Paragraph 17.

18.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 18.

19.    **RESPONSE:** Panini admits that Panini America initiated a lawsuit against certain former employees. *See generally* Texas Lawsuit. Panini refers the Court to the pleadings in that

lawsuit for their full content, meaning and legal import. Panini otherwise denies the allegations in Paragraph 19.

20.     **RESPONSE:** Panini denies the allegations in Paragraph 20.

21.     **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that certain former Panini America employees initiated lawsuits against Panini America. Panini denies that these suits have any merit and otherwise denies the allegations and characterizations in Paragraph 21.

22.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit against Fanatics, and refers the Court to the pleadings in that lawsuit for their full content, meaning and legal import. *See generally* Antitrust Lawsuit. Panini otherwise denies the allegations and characterizations in Paragraph 22.

23.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini built a world leading sports and entertainment collectibles business. Panini otherwise denies the allegations and characterizations in Paragraph 23.

24.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit against Fanatics, and refers the Court to the pleadings in that lawsuit for their full content, meaning and legal import. *See generally* Antitrust Lawsuit, ECF No. 69. Panini otherwise denies the allegations and characterizations in Paragraph 24.

25.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit against Fanatics, and refers the Court to the pleadings in that lawsuit for their full content, meaning and legal import. *See* Antitrust Lawsuit, ECF No. 69. Panini otherwise denies the allegations and characterizations in Paragraph 25.

26.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit against Fanatics, and refers the Court to the pleadings in that lawsuit for their full content, meaning and legal import. *See generally* Antitrust Lawsuit, ECF No. 69. Panini otherwise denies the allegations and characterizations in Paragraph 26.

## THE PARTIES

27.    **RESPONSE:** Panini lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 27 and therefore denies them. Panini admits that Fanatics has a history in the e-commerce market. Panini otherwise denies the allegations in Paragraph 27.

28.    **RESPONSE:** Panini admits that it is an Italian corporation with its principal place of business in Modena, Italy. Because the remaining allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that it has described itself as a world leading sports and entertainment collectibles company, it operates manufacturing facilities in Italy and Brazil, and that it has an existing relationship with FIFA. Panini states that it has competitively bid for the FIFA contract every several years. Panini denies any characterizations or implications in Paragraph 28.

29.    **RESPONSE:** Because the allegations relate to a dismissed claim, no response is required.

30.    **RESPONSE:** Admitted.

31.    **RESPONSE:** Admitted.

**JURISDICTION AND VENUE**

32.    **RESPONSE:** Because these allegations state legal conclusions, no response is required.

33.    **RESPONSE:** Because these allegations state legal conclusions, no response is required. To the extent a response is required, admitted for jurisdictional purposes only, as noted by Fanatics in footnote 10. Panini otherwise denies the allegations and legal conclusions in Paragraph 33.

34.    **RESPONSE:** Because these allegations relate to a dismissed claim and state legal conclusions, no response is required. To the extent a response is required, Panini admits that Fanatics and Panini entered into an NDA on April 12, 2022.

35.    **RESPONSE:** Because these allegations relate to a dismissed claim and state legal conclusions, no response is required. To the extent a response is required, Panini admits that Paragraph 35 quotes from an NDA Fanatics and Panini entered into, which is a written document that speaks for itself.

36.    **RESPONSE:** Because these allegations relate to a dismissed claim and state legal conclusions, no response is required. To the extent a response is required, Panini admits that Paragraph 36 quotes from a term sheet exchanged between Panini and Fanatics, which is a written document that speaks for itself.

37.    **RESPONSE:** Because these allegations relate to a dismissed claim and state legal conclusions, no response is required. To the extent a response is required, Panini admits that Fanatics and Panini entered into an NDA on April 12, 2022, and that Panini and Fanatics exchanged a term sheet, both of which are written documents that speak for themselves.

## FACTS

38.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that the sports trading card industry and the sport and entertainment collectibles industries generate substantial annual sales across various categories. Panini denies any characterizations or implications in Paragraph 38.

39.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that trading cards are often made of paperboard or thick paper and feature various subjects and that the companies that manufacture sports trading cards in the U.S. market include the entities identified in Paragraph 39. Panini also admits entities that license intellectual property for use in sports trading cards are sometimes referred to as "licensors." Panini otherwise denies the allegations and characterizations in Paragraph 39 as phrased.

40.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits the general description of licensing structures in Paragraph 40.  Panini denies any characterizations or implications in Paragraph 40.

41.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required,

Panini admits that leagues and players associations each hold certain intellectual property rights. Panini denies that ten- and twenty-year licenses are commonplace for new entrants to the trading card market. Panini otherwise lacks sufficient knowledge to admit or deny the remaining allegations and characterizations as phrased and therefore denies them.

42.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Paragraph 42 lists trading card licensees. Panini denies the characterization of the agreements that Paragraph 42 purports to summarize.

43.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that it has held exclusive licenses with various players' associations and leagues. Panini denies the characterizations in Paragraph 43 and affirmatively states that Panini progressed into various longer-term licenses, but only after proving itself and establishing its reputation in the market to licensors through multiple, short-term deals.

44.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that Panini America entered the U.S. market in 2009 after it competed for and won a four-year license with the NBA through public bidding. Panini further admits that it acquired the assets of Donruss later that year. Panini denies any characterization in Paragraph 44.

45.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America contracted for the rights to produce trading cards for the NHL, NHLPA, and MLBPA. Panini otherwise denies the allegations and characterizations in Paragraph 45.

46. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America contracted for the rights to produce trading cards for various U.S. sports leagues, their player groups, NASCAR, WWE, CLC, and UFC. Panini denies the characterization that Panini America "dislodged" existing licensees and states that Panini America competed for and won these licenses through competitive processes.

47. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 47.

48. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America sells to distributors. Panini otherwise denies the allegations and characterizations in Paragraph 48.

49. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 49.

50. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 50.

51. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 51.

11

52.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 52.

53.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that the value of trading cards is fluid. Panini otherwise denies the allegations and characterizations in Paragraph 53.

54.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 54.

55.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 55.

56.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 56.

57.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 57.

58.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 58.

59.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 59.

60.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 60.

61.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 61.

62.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 62.

63.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 63.

64.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 64.

65.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 65.

66.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America uses redemption cards as placeholders that can be exchanged

or redeemed for a high-value autograph card. Panini otherwise denies the allegations and characterizations in Paragraph 66.

67.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 67.

68.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 68.

69.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that certain customers initiated a lawsuit against Panini America. Panini denies that this suit has any merit and otherwise denies the allegations in Paragraph 69.

70.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 70.

71.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 71.

72.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 72.

73.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 73.

74.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 74.

75.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini  denies the allegations and characterizations in Paragraph 75.

76.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that it entertained discussions about the sale of Panini America with Alex Rodriguez's SPAC in 2021. Panini otherwise denies the allegations in Paragraph 76.

77.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 77.

78.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 78.

79.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 79.

80.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that in 2014, the NHL and NHLPA elected to license their trading cards exclusively with the Upper Deck Company. Panini denies any characterization of the reason for that decision.

81.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that in 2021 the NHL and NHLPA elected to license their trading cards exclusively with the Upper Deck Company and certain players' associations and leagues announced licensing contracts with Fanatics. Panini denies any characterization of the reasons for those decisions and otherwise denies the allegations in Paragraph 81.

82.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that in 2023, the NFLPA and WWE attempted to terminate their contracts with Panini and accelerate the start of their licenses with Fanatics Collectibles. Panini states that, as alleged in the Antitrust Lawsuit, Fanatics induced the NFLPA to unlawfully terminate its agreement with Panini America and induced WWE to terminate its agreement with Panini.

83.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 83.

84.    **RESPONSE**: Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 84.

85.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 85.

86.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 86.

87.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 87.

88.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 88.

89.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Fanatics Collectibles holds licenses with the NFL, NFLPA, MLB, MLBPA, NBA, and NBPA. Panini otherwise denies the allegations and characterizations in Paragraph 89 and states that Fanatics' anticompetitive and unlawful acquisition of these licenses are the subject of Panini America's antitrust and state law claims in the Antitrust Lawsuit.

90.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 90.

91.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Fanatics Collectibles signed deals with various football and basketball prospects. Panini otherwise denies the allegations and characterizations in Paragraph 91.

92.   **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 92.

93.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to whether the statements attributed to third parties in Paragraph 93 were made as quoted, whether they are accurately and completely reproduced, or whether their substance is true, and on that basis denies the allegations. Panini otherwise denies the allegations and characterizations in Paragraph 93.

94.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to whether the statements attributed to third parties in Paragraph 94 were made as quoted and whether they are accurately and completely reproduced. Panini denies the truth of the quoted statements and otherwise denies the allegations and characterizations in Paragraph 94.

95.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to whether the statements attributed to third parties in Paragraph 95 were made as quoted, whether they are accurately and completely reproduced, or whether their substance is true, and on that basis denies the allegations. Panini otherwise denies the allegations and characterizations in Paragraph 95.

96.   **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to

form a belief as to whether the statements attributed to third parties in Paragraph 96 were made as quoted and whether they are accurately and completely reproduced. Panini denies the truth of the quoted statements and otherwise denies the allegations in Paragraph 96.

97.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to whether the statements attributed to third parties in Paragraph 97 were made as quoted, whether they are accurately and completely reproduced, or whether their substance is true, and on that basis denies the allegations. Panini denies the allegations and characterizations in Paragraph 97.

98.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to whether the statements attributed to third parties in Paragraph 98 were made as quoted and whether they are accurately and completely reproduced. Panini denies the truth of the quoted statements and otherwise denies the allegations in Paragraph 98.

99.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 99.

100.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Fanatics acquired a controlling interest in GCP. Panini otherwise denies the allegations and characterizations in Paragraph 100.

101.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that GCP is a full-service card

manufacturing company that offers various services and that Paragraph 101 identifies GCP customers. Panini admits that it has used the services of GCP, and that GCP receives instructions concerning the manufacturing of cards. Panini otherwise denies the allegations in Paragraph 101.

102.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that COVID-19 exacerbated certain supply-chain challenges. Panini denies the remaining allegations and characterizations in Paragraph 102.

103.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that delays, errors, and quality issues can cause delays in trading card production. Panini otherwise denies the allegations and characterizations in Paragraph 103.

104.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 104.

105.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 105 for lack of knowledge.

106.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 106.

107.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 107.

108.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 108, including the allegation that Fanatics' acquisition of GCP benefited Panini. Panini states that Fanatics acquired a controlling stake in GCP to weaken Panini America—not to benefit the industry. Panini denies the allegations and characterizations in Paragraph 108.

109.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 109.

110.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Fanatics Collectibles entered into license agreements with various licensors. Panini denies the characterization of the reasons for those decisions and otherwise denies the allegations and characterizations in Paragraph 110.

111.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Fanatics Collectibles holds licenses with various licensors. Panini otherwise denies the allegations and characterizations in Paragraph 111, including its characterization of the market and the characterizations of the agreements that Paragraph 111 purports to summarize.

112.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini denies the allegations in Paragraph 112. Panini states that as of January 2025, Fanatics holds the trading card rights for Marvel.

113.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 113.

114.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 114.

115.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 115.

116.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that it engaged in discussions with Fanatics concerning the early termination of certain Panini America licenses. Panini otherwise denies the allegations and characterizations in Paragraph 116.

117.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 117.

118.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that it engaged in discussions with Fanatics concerning the early termination of certain Panini America licenses. Panini otherwise denies the allegations and characterizations in Paragraph 118.

119.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain legal conclusions, characterizations, and arguments, no response is required. To the extent a response is required, Panini admits that it engaged in discussions with Fanatics concerning the early termination of certain Panini America licenses. Panini otherwise denies the allegations, characterizations, and legal conclusions in Paragraph 119.

120.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 120.

121.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain legal conclusions, characterizations, and arguments, no response is required. To the extent a response is required, Panini admits that Panini and Fanatics exchanged draft term sheets in May 2022. Panini otherwise denies the allegations, characterizations, and legal conclusions in Paragraph 121.

122.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain legal conclusions, characterizations, and arguments, no response is required. To the extent a response is required, Panini denies the allegations, characterizations, and legal conclusions in Paragraph 122.

123.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini and Fanatics exchanged various draft agreements in late 2022 to early 2023. Panini otherwise denies the allegations and characterizations in Paragraph 123.

124.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 124.

125.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 125.

126.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 126.

127.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 127.

128.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 128.

129.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 129.

130.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that certain rookie cards are valuable, that certain rookie cards have sold for the prices referenced in Paragraph 130, and that the value of some rookie cards can increase with time. Panini otherwise denies the allegations and characterizations in Paragraph 130.

131.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that it signed license agreements with various rookies in 2022. Panini otherwise denies the allegations and characterizations in Paragraph 131.

132.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 132.

133.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 133.

134.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 134.

135.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 135.

136.     **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Fanatics has trading card licenses with certain colleges and college athletes. Panini otherwise denies the allegations and characterizations in Paragraph 136.

137.     **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that Fanatics Collectibles negotiated and signed license agreements with various NFL draft prospects.

138.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 138.

139.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 139.

140.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 140.

141.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 141.

142.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 142.

143.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 143.

144.    **RESPONSE:** Panini denies the allegations in Paragraph 144.

145.    **RESPONSE:** Panini lacks knowledge or information sufficient to form a belief as to Fanatics' job postings and therefore denies the allegation in the last sentence. Panini otherwise denies the allegations in Paragraph 145.

146.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 146.

147.    **RESPONSE:** Panini admits that 37 employees left Panini America and began employment at Fanatics Collectibles. Panini otherwise denies the allegations in Paragraph 147.

148.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 148.

149.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 149.

150.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 150.

151.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that certain former Panini America employees initiated lawsuits against Panini America. Panini denies that these suits have any merit and otherwise denies the allegations and characterizations in Paragraph 151.

152.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that certain former Panini America employees initiated lawsuits against Panini America. Panini denies that these suits have any merit and otherwise denies the allegations and characterizations in Paragraph 152.

153.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to whether the statements attributed to third parties in Paragraph 153 were made as quoted, and whether they are accurately and completely reproduced, and on that basis denies the allegations. Panini denies the truth of the quoted statements. Panini admits that Panini America has generated revenue selling football and basketball cards featuring athletes, including Black and Brown athletes. Panini otherwise denies the allegations and characterizations in Paragraph 153.

154.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit in Texas state court against certain former employees, and that the Texas state court granted Panini America's application for a temporary restraining order. *See* Texas Lawsuit, Order Granting Application for Temporary Restraining Order (Apr. 17, 2023). Panini refers the Court to the pleadings and temporary restraining order in that lawsuit for their full content, meaning, and legal import. Panini otherwise denies the allegations and characterizations in Paragraph 154.

155.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that the Texas state court entered a temporary injunction barring seven of Panini America's former employees from recruiting other Panini America employees and enjoining both Fanatics and the seven former Panini America employees from using Panini America's confidential information. *See* Texas Lawsuit, Order Granting Application for Temporary Injunction (May 25, 2023). Panini refers the

Court to the temporary injunction order in that lawsuit for its full content, meaning, and legal import. Panini otherwise denies the allegations and characterizations in Paragraph 155.

156.    **RESPONSE:** Because these allegations state legal conclusions, no response is required. To the extent a response is required, Panini admits that the Texas litigation accuses Fanatics of trade secret misappropriation. *See* Texas Lawsuit, Panini America's First Amended Petition (Aug. 8, 2023). Panini refers the Court to the pleadings in that lawsuit for their full content, meaning, and legal import. Panini otherwise denies the allegations and legal conclusions in Paragraph 156.

157.    **RESPONSE:** Panini denies the allegations in Paragraph 157.

158.    **RESPONSE:** Panini admits that 37 employees left Panini America and began employment at Fanatics Collectibles in April 2023. Panini otherwise denies the allegations in Paragraph 158.

159.    **RESPONSE:** Because these allegations relate to a dismissed claim, contain arguments and characterizations, and state legal conclusions, no response is required. To the extent a response is required, Panini admits that Panini America initiated a lawsuit against Fanatics, and refers the Court to the pleadings in that suit for their full content, meaning and legal import. *See generally* Antitrust Lawsuit, ECF No. 69. Panini otherwise denies the allegations, characterizations, and legal conclusions in Paragraph 159.

160.    **RESPONSE:** Because these allegations relate to a dismissed claim, no response is required. To the extent a response is required, Panini admits that "[t]hrough competitive prowess and product innovation," Panini America has "generated win-win results for the leagues, players associations, and consumers," as alleged in Panini America's antitrust suit against Fanatics. *See* Antitrust Lawsuit, ECF No. 69 at ¶ 78. Panini otherwise denies the allegations in Paragraph 160.

161.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Panini America was not "given an opportunity to bid or otherwise compete for the licenses Fanatics acquired." *See* Antitrust Lawsuit, ECF No. 69 at ¶ 110. Panini otherwise denies the allegations and characterizations in Paragraph 161.

162.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics "began a targeted effort to execute exclusive deals with star, rookie players to deprive Panini [America] of the ability to include those players' original, handwritten autographs with its trading cards during the remaining years of Panini's existing licenses." *See* Antitrust Lawsuit, ECF No. 69 at ¶ 164. Panini otherwise denies the allegations and characterizations in Paragraph 162.

163.   **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, "[t]he durations of Fanatics' exclusive dealing arrangements are beyond anything that is necessary for any legitimate economic or other purpose." *See* Antitrust Lawsuit, ECF No. 69 at ¶ 105. Panini otherwise denies the allegations and characterizations in Paragraph 163.

164.   **RESPONSE:** Because these allegations relate to a dismissed claim and state legal conclusions, no response is required. To the extent a response is required, Panini admits that Panini America's antitrust complaint alleges that Fanatics "extinguish[ed] competition by acquiring Topps," and that "the monopoly power and effective market control created by [Fanatics']

exclusive deals with the Major U.S. Professional Sports Leagues and their players associations" pressured Topps to sell to Fanatics. *See* Antitrust Lawsuit, ECF No. 69 at ¶¶ 119, 207. Panini otherwise denies the allegations and legal conclusions in Paragraph 164.

165.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics invested in GCP "to weaken Panini" and that Fanatics' investment compromises Panini's ability to produce cards "according to the exacting standards Panini requires." *See* Antitrust Lawsuit, ECF No. 69 at ¶¶ 131, 138. Panini otherwise denies the allegations and characterizations in Paragraph 165.

166.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics hired dozens of Panini America employees "to harm [Panini America's] current ability to perform under its existing licenses and to bolster Fanatics' monopoly power by trying to put Panini out of business." *See* Antitrust Lawsuit, ECF No. 69 at ¶ 162. Panini otherwise denies the allegations and characterizations in Paragraph 166.

167.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics is using its "monopoly power and effective market control" to "threaten distributors … with cutting them off if they do not provide Fanatics with higher margins." *See* Antitrust Lawsuit, ECF No. 69 at ¶ 194. Panini otherwise denies the allegations and characterizations in Paragraph 167.

168.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required,

31

Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics "induce[d]" the NFLPA to unlawfully terminate its contract with Panini America ahead of schedule through a series of anticompetitive conduct, including by raiding Panini America's employees. *See* Antitrust Lawsuit, ECF No. 69 at ¶¶ 179–87. Panini otherwise denies the allegations and characterizations in Paragraph 168.

169. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics induced the WWE to terminate its contract with Panini. *See* Antitrust Lawsuit, ECF No. 69 at ¶¶ 179–87. Panini otherwise denies the allegations and characterizations in Paragraph 169.

170. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics "induce[d] the Leagues and players associations to acquiesce in Fanatics' monopolization scheme" by providing them equity shares in Fanatics. *See* Antitrust Lawsuit, ECF No. 69 at ¶ 8. Panini otherwise denies the allegations and characterizations in Paragraph 170.

171. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that, as alleged in Panini America's antitrust complaint, Fanatics has a track record of "poor quality" products. *See* Antitrust Lawsuit, ECF No. 69 at ¶¶ 84–85. Panini otherwise denies the allegations and characterizations in Paragraph 171.

172. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required,

Panini admits that Panini America issued the public statement quoted in Paragraph 172 and Panini agrees with its content. Panini denies the characterizations of that statement and denies the remaining allegations and characterizations in Paragraph 172, including footnote 114.

173. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 173.

174. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 174.

175. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 175.

176. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 176.

177. **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America's social media accounts have marketed Panini America as the "global leader in licensed sports & entertainment collectibles" and "the world's largest sports and entertainment collectibles company". Panini otherwise denies the allegations and characterizations in Paragraph 177, including any suggestion that the meaning Fanatics attributes to the quoted statements is warranted.

178.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that it has described itself as a global market leader and that certain statements attributed to Peter Warsop were made. Panini otherwise denies the allegations and characterizations in Paragraph 177, including any suggestion that the meaning Fanatics attributes to the quoted statements is warranted.

179.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 179.

180.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that Panini America's acquisition of Donruss was positive. Panini otherwise denies the remaining allegations and characterizations in Paragraph 180.

181.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 181.

182.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini admits that the trading card industry and Fanatics' CEO, Michael Rubin, have derogatorily referred to cards where any proprietary insignia or mark is removed from players' jerseys as "pajama cards," and states that consumers do not desire these types of cards nearly as much as those with league marks like team uniforms and color combinations. Panini admits that Panini

34

America has produced professional baseball trading cards without league marks. Panini otherwise denies the allegations and characterizations in Paragraph 182.

183.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 183.

184.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Topps and Fanatics' licenses and conduct and therefore denies them. Panini admits that it holds the licensing rights for various UEFA national associations. Panini otherwise denies the allegations and characterizations in Paragraph 184 for lack of knowledge.

185.    **RESPONSE:** Because these allegations relate to a dismissed claim and contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 185.

<u>**CLAIMS FOR RELIEF**</u>

**Count 1: Tortious Interference with Prospective Business Relations**

186.    **RESPONSE:** Panini repeats, realleges and incorporates the answers set forth in the foregoing paragraphs as if fully set forth herein.

187.    **RESPONSE:** Panini admits that Fanatics has sought to hire employees. Panini denies the stated reason for Fanatics' hiring.

188.    **RESPONSE:** Panini admits that Fanatics Collectibles hired former Panini America employees. Panini denies that Panini employees are uniformly "at-will employees who are not subject to non-competition obligations" and otherwise denies the allegations in Paragraph 188.

35

Panini states that its employees were subject to duties of confidentiality and non-solicitation regardless of whether they signed non-compete agreements.

189.    **RESPONSE:** Because these allegations contain arguments and characterizations, no response is required. To the extent a response is required, Panini denies the allegations and characterizations in Paragraph 189.

190.    **RESPONSE:** Because these allegations assert legal conclusions, no response is required. To the extent a response is required, Panini otherwise denies the allegations and legal conclusions in Paragraph 190.

191.    **RESPONSE:** Because these allegations assert legal conclusions, no response is required.  To the extent a response is required, Panini denies the allegations and legal conclusions in Paragraph 191.

192.    **RESPONSE:** Panini admits that Panini America initiated a lawsuit against certain former employees. *See generally* Texas Lawsuit. Panini otherwise denies the allegations in Paragraph 192.

193.    **RESPONSE:** Panini denies the allegations in Paragraph 193.

194.    **RESPONSE:** Because these allegations assert legal conclusions, no response is required.  To the extent a response is required, Panini denies the allegations and legal conclusions in Paragraph 194.

**Count 2: Tortious Interference with Prospective Business Relations**

195.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

196.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

197.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

198.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

199.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

200.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

201.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

202.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

203.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

204.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

205.    **RESPONSE:** Panini states that Count 2 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

### Count 3: Tortious Interference with Contractual Business Relations

206.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

207.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

208.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

209.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

210.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

211.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

212.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

213.    **RESPONSE:** Panini states that Count 3 has been dismissed with prejudice by this Court's March 31, 2026 Order. Accordingly, no response is required.

## DEMAND FOR JURY TRIAL

214.    **RESPONSE:** Because Paragraph 214 does not contain factual allegations, no response is required. To the extent a response is required, Panini admits that Fanatics purports to demand a trial by jury on all issues so triable. Panini denies that Fanatics is entitled to any relief.

## PRAYER FOR RELIEF

215.    **RESPONSE:** With respect to the unnumbered paragraphs of the Complaint that comprise Fanatics' prayer for relief, Panini denies that Fanatics is entitled to any of the relief sought.

## PANINI'S AFFIRMATIVE DEFENSES[3]

Panini asserts the following affirmative defenses without assuming any burden of proof that would otherwise rest with Fanatics:

### FIRST AFFIRMATIVE DEFENSE

1.    *Noerr-Pennington.* The Noerr-Pennington doctrine bars Fanatics' claim, in whole or part, because Panini's alleged conduct involved lawful efforts to enforce legal rights based on lawful petitioning of courts or closely related conduct to that protected activity, even if it resulted in business consequences.

### SECOND AFFIRMATIVE DEFENSE

2.    *Economic Interest Justification*. Fanatics' claim fails because Panini's actions were justified and privileged efforts to protect legitimate business interests like employee retention, contractual obligations, and confidential information.

### THIRD AFFIRMATIVE DEFENSE

3.    *Wrongful Means.* Fanatics' claim is barred because Panini lawfully communicated with and retained its own employees and it did not engage in any illegal, fraudulent, or independently wrongful conduct.

### FOURTH AFFIRMATIVE DEFENSE

4.    *Lack of Causation*. Any alleged failure by Fanatics to hire Panini employees resulted from its own conduct or the independent choices of those employees or other third-party factors, not from Panini's conduct.

---

[3] Panini expressly reserves and asserts all affirmative defenses available under any applicable law and reserves the right to supplement or amend this Answer to include additional defenses of counterclaims if discovery or other means indicate that such additional affirmative defenses or counterclaims are justified.

**FIFTH AFFIRMATIVE DEFENSE**

5.    *Unclean Hands.* Fanatics' claim is barred, in whole or in part, by the doctrine of unclean hands, because Fanatics engaged in improper conduct, including attempting to induce employees to breach contractual or legal obligations.

**SIXTH AFFIRMATIVE DEFENSE**

6.    *Lack of Damages.* Fanatics' claim fails to the extent it seeks damages as Fanatics incurred no compensable injury.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    *Failure to State a Claim*. The Complaint fails to state a claim upon which relief may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    *Failure to Mitigate*. Fanatics' claim fails to the extent it seeks damages as Fanatics failed to mitigate its own damages.

**NINTH AFFIRMATIVE DEFENSE**

9.    *Illegality and Against Public Policy*. Fanatics claim fails as its actions to hire further Panini employees were in furtherance of an unlawful plan to monopolize or restrain trade in relevant markets in the sports card trading industry.

Dated: April 14, 2026                    Respectfully submitted,

                                         /s/ *David Boies*
                                         David Boies
                                         Eric Brenner
                                         **Boies Schiller Flexner LLP**
                                         55 Hudson Yards
                                         New York, NY 10001
                                         Telephone: (212) 446-2300
                                         dboies@bsfllp.com
                                         ebrenner@bsfllp.com
                                         Stuart H. Singer*
                                         Sabria A. McElroy*
                                         **Boies Schiller Flexner LLP**
                                         401 E. Las Olas Blvd., Suite 1200
                                         Fort Lauderdale, FL 33301
                                         Telephone: (954) 356-0011
                                         ssinger@bsfllp.com
                                         smcelroy@bsfllp.com

                                         James P. Denvir*
                                         Richard A. Feinstein*
                                         **Boies Schiller Flexner LLP**
                                         1401 New York Ave, NW
                                         Washington, DC 20005
                                         Telephone: (202) 237-2727
                                         jdenvir@bsfllp.com
                                         rfeinstein@bsfllp.com

                                         *Counsel for Panini S.p.A.*

                                         **Pro hac vice*