**LATHAM&WATKINS**LLP                    **quinn emanuel** trial lawyers | new york

<u>**Via ECF**</u>                                                              August 7, 2026

The Honorable Valerie Figueredo
United States District Court Magistrate Judge, S.D.N.Y.

Re:    *Panini v. Fanatics*, 1:23-cv-09714-LTS-VF; *Fanatics v. Panini*, 1:23-cv-6895-LTS-VF

Dear Judge Figueredo:

Fanatics respectfully asks the Court to compel Panini to produce documents that Panini is improperly withholding as "privileged."  The only basis for Panini's privilege claim is its sudden characterization of one of its principals—Francesca Baroni, a director and part owner of Panini— as "outside counsel."

For years, Panini represented to Fanatics and the Court that it had no in-house counsel.  It also indicated that Boies Schiller ("BSF") was Panini's only current outside counsel on matters relevant to this litigation.  The Court relied on those representations when compelling production of Fanatics' unredacted license agreements.  ECF 183 at 2–3.  Panini never mentioned Ms. Baroni during months of litigation surrounding its legal representation.  Instead, Panini characterized her as a board member in custodian negotiations and its initial disclosures, without mentioning any legal role.  With the substantial completion deadline approaching in early 2026, Panini abruptly reversed course—as Panini and its proxies keep doing in a concerted effort to obstruct crucial discovery.  *See, e.g.*, ECF 332 at 1.  Panini began describing Ms. Baroni as "a board member who serves as counsel to Panini S.p.A. in some respects," listing her under the header "Panini S.p.A. In-House Counsel."  Ex. A (4/28/26 Ltr.) at 1–2.  After Fanatics noted that (1) Panini told this Court it had no in-house counsel, and (2) Italian law provides no privilege to in-house lawyers, Panini pivoted again.  Panini now withholds "approximately 47 documents" by claiming Ms. Baroni is Panini's "outside counsel."  Ex. B (7/23/26 Ltr.) at 3.

Panini's strategic assertions of privilege are barred by judicial estoppel and invalid under Italian law, which governs this dispute.  At a minimum, the Court should require Panini to submit the contested documents to the Court's *in-camera* review so it can test Panini's claims for itself.[1]

## I.    Panini's Serial Misrepresentations.

### A.    <u>Panini Misrepresents Its Legal Representation</u>

For years, Panini insisted that it has no in-house counsel.  *See, e.g.*, ECF 126 at 5:11–20; ECF 135 at 5–6.  Panini used this representation to its advantage when negotiating the protective order, and repeated it to the Court to gain access to Fanatics' highly sensitive license agreements.

For example, in seeking Fanatics' license agreements, Panini argued that, "[s]ince ***Panini does not have in-house counsel***, the HC designation precludes disclosure to anyone employed by Panini," ECF 162 at 4 (emphasis added); *see also* Case No. 1:23-cv-06895-LTS-VF, ECF 106 at 4 (same representation by Panini S.p.A.).  Panini further suggested that its only relevant outside counsel was BSF, ECF 150 at 10 ("License Agreements will be produced only to Panini's outside counsel at BSF, not to ***Panini***."), and that BSF was not involved in relevant "commercial negotiations," ECF 126 at 25:2–4.  Strikingly, Panini never suggested that it ***has other*** outside counsel, Ms. Baroni, who ***was*** involved in those commercial negotiations in a business role.

Panini's representations succeeded as it hoped.  The Court ruled in favor of Panini, referencing Panini's representations in its Order:  "What's more, Plaintiffs' counsel represented during the conference that, although Panini does not have in-house counsel, the firm advises Panini

---

[1]  Despite several letters and a meet and confer on August 5, the parties reached impasse on this issue.

with regards to litigation matters only.  For these reasons, Fanatics is directed to produce the licensing agreements to Panini without redactions." ECF 183 at 2–3.

### B.    Panini Now Misrepresents Ms. Baroni's Corporate Role

Likewise irreconcilable with Panini's present contentions are Panini's past descriptions of Ms. Baroni's role.  Panini first said Ms. Baroni was "a Chairman of Panini S.p.A." in its initial disclosures, with no mention of a legal role—a description Panini now blames on a "clerical error" that went uncorrected until Fanatics raised this issue. Ex. C (3/13/25 Initial Disclosures) at 4; Ex. D (8/4/26 Ltr.) at 1.  Through nearly all of 2025, Panini argued that Ms. Baroni was merely a board member, with a role so small and duplicative that her documents did not merit any production. *See* Ex. E (8/25/25 Ltr.) at 6; Ex. F (9/3/25 Email) at 2.

Then, beginning in December 2025—on the eve of the substantial completion deadline—Panini's story underwent a dizzying series of changes:

- In December 2025, Ms. Baroni was a "***Panini Group board member and legal counsel***," Ex. G (12/8/25 Email) at 1;

- In April 2026, she was a "***board member who serves as counsel to Panini S.p.A. in some respects***," Ex. A (4/28/26 Ltr.) at 1–2 (under header "***Panini S.p.A. In-House Counsel***");

- In May 2026, she was "***an attorney***" who "***rendered legal advice to Panini S.p.A.***" "[i]n that capacity," Ex. H (5/22/26 Ltr.) at 3; and

- In June 2026, she was an "***attorney at an outside firm*** who occasionally provides legal advice to Panini S.p.A.," but "***not in-house counsel***," Ex. I (6/23/26 Ltr.) at 1.

Throughout that same period, Panini's willingness to produce key documents underwent a similar transformation: it committed to producing documents from Francesca Baroni in September 2025, then failed to produce a single document from her custodial file by the February 20, 2026 substantial completion deadline.  Ex. J (3/5/26 Email).  Panini initially blamed an "extended GDPR justification process" for the delay, *see* Ex. A at 2, but then unveiled in May that it was "currently withholding responsive documents" based on Ms. Baroni's role, Ex. H at 3.

Even as it tries to justify these withholdings in its privilege log, Panini returns to reality in describing Ms. Baroni's role.  Panini's log refers to her as

### II.    Baroni's Real Role: Neither "Outside" Nor "Counsel."

In its latest letters, Panini attempts to deflect, claiming that Fanatics knew "Ms. Baroni's role since at least September 2021," largely based on

. Not so.  To the contrary,

██████████████████████████████████ That Ms. Baroni acts as a principal comes as no surprise—she was the *sole director* of Panini from 2007 to 2016. *See* Ex. R (Decl. of Riccardo Bordi) at 4–5.

Panini is playing fast and loose when it claims that Ms. Baroni serves as an independent lawyer at "an outside firm." Ex. I at 1. In actuality, Studio Rag. Baroni, Ms. Baroni's purported "outside firm," is not a law firm but the *accounting practice* of Ms. Baroni's aunt and Panini's majority owner, Anna Baroni. *See* Ex. S (Anna Baroni Accountant Registration). And rather than being "outside" of Panini, Studio Rag. Baroni shares the same address, *see id.*, as the holding companies that own ████ of Panini S.p.A., *see* Ex. T (PAN-SDNY_000900332). Panini itself has recently admitted that "'Studio Baroni' is simply the name used by Francesca and Anna Baroni . . . as sole practitioners," and has "no separate legal existence" from the two. Ex. D at 2.

## III.    Panini's Privilege Withholding Is Invalid.

### A.    Judicial Estoppel

Judicial estoppel bars a party "from deliberately changing positions" where: (1) it takes "clearly inconsistent" positions; (2) it "succeeded in persuading a court to accept [its] earlier position;" and (3) it "would derive an unfair advantage or impose an unfair detriment . . . if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001) (cleaned up).

This test is amply met here. *First*, Panini S.p.A. represented that it "***does not have in-house counsel***," Case No. 1:23-cv-06895-LTS-VF, ECF 106 at 4, but now claims privilege over Ms. Baroni, a director and co-owner who would clearly be in-house were she wearing any legal hat. And if Ms. Baroni were somehow *outside* counsel, then she would be positioned in precisely the way that Panini represented none was. *See* ECF 150 at 10–11; ECF 126 at 25:2–4. *Second*, Panini leveraged those representations to secure unredacted productions of Fanatics' license agreements. *See* ECF 183 at 2–3. And *third*, Panini would be unfairly advantaged if it were allowed to now maintain the opposite to withhold key discovery.

### B.    Italian Privilege Law

The Second Circuit's "touch base test" applies the privilege law of the country with the "predominant" interest "in whether . . . communications should remain confidential." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 99 (2d Cir. 2020) (cleaned up). Italy has the predominant interest in the purported provision of Italian legal advice by an Italian lawyer to an Italian client.

Under Italian law, Ms. Baroni lacks the requisite independence from Panini to be considered its counsel. Ex. R at 3–6. But even if she *were* Panini's counsel, Italian law provides no privilege to in-house lawyers, *id.* at 2, and Ms. Baroni's affiliation with an accounting practice co-located with Panini's parent does not make her clearly corporate role an "outside" one.

Even under Panini's latest and preferred formulation (that Ms. Baroni is an outside lawyer), Italian law would offer Panini no evidentiary protections. Indeed, outside lawyers (*avvocati*) may not hold corporate directorships with managerial authority. *Id.* at 7. Ms. Baroni's board position is precisely such a managerial one; per Panini S.p.A.'s corporate filings, Ms. Baroni can assume "the same powers as those of the Chairwoman" at will, based on her own self-authorization that Anna Baroni is absent. *Id.* at 5. Under Italian law, no corporation that affords such a role to an *avvocato* can invoke any evidentiary privilege from *avvocato* status. *Id.* at 8.

## IV.    Conclusion.

The Court should compel Panini to produce all documents improperly withheld on the basis of its wrongful assertion of privilege over documents and communications involving Ms. Baroni.

Respectfully submitted,


/s/ Michael B. Carlinsky
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

/s/ Lawrence E. Buterman
Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com
(212) 906-1264

*Counsel for Fanatics*

# MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2026

Panini is directed to file its response by **Monday, August 17, 2026**.